STATE OF HAWAII, Plaintiff-Appellee, *v.* JOHN ROBERT IRVIN, Defendant-Appellant

No. 5006

August 27, 1971

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON AND KOBAYASHI, JJ.

OPINION OF THE COURT BY MARUMOTO, J.

After a jury trial in the first circuit court upon an indictment charging him with the commission of first degree murder, defendant was convicted of murder in the second degree.

On this appeal, defendant seeks reversal of the judgment of conviction on three grounds: first, that the circuit court erred in commenting adversely on his testimony in violation of his right to a fair and impartial trial; second, that the court erred in refusing to charge the jury on self defense notwithstanding the presence of evidence fairly raising the issue of self defense; and, third, that the court erred in giving an instruction to the jury on malice aforethought couched in the language of HRS § 748-3.

With regard to the first ground, after defendant testified in rambling fashion about the events leading to the killing in question, the court suggested to defense counsel the advisability of eliciting facts from defendant by directing relevant questions to him rather than through "story-telling performance" and "story-telling approach" and having defendant tell "a long, long story." In the context in which the court used the quoted expressions, we think that the jury fully understood that the court was not expressing its opinion on the veracity of the testimony but was merely referring to the

narrative form of the testimony. We see no reversible error on this ground.

On the second ground, the court refused to give defendant's requested instructions on self defense on the ground that defendant had the gun and any instruction on self defense was not justified by the facts. Defendant's theory at the trial was that the killing was accidental, not that it was done in self defense. But his testimony fairly raised the issue of self defense. That being the case, he was entitled to an instruction on that issue no matter how weak, unsatisfactory, or inconclusive the testimony might have appeared to the court. *Territory v. Alcantara,* 24 Haw. 197, 208 (1918); *State v. Chang,* 46 Haw. 22, 47, 374 P.2d 5, 18 (1962). The fact that the issue raised by the testimony was not consonant with the theory of defense makes no difference. *Womack v. United States,* 336 F.2d 959 (1964). Thus, the court's refusal of self defense instruction was reversible error.

The third ground is covered in *State v. Cuevas,* 53 Haw. 110, 488 P.2d 322 (1971). The court erred in charging the jury with regard to malice aforethought in the language of HRS § 748-3.

Reversed.

*Brook Hart,* Public Defender (*Andrea Levin,* Deputy Public Defender, with him on the briefs), for defendant-appellant.

*Lloyd L. Ching,* Deputy Prosecuting Attorney (*Barry Chung,* Prosecuting Attorney, with him on the brief), for plaintiff-appellee.