PEOPLE v HARMON

Docket No. 56016. Argued June 4, 1975 (Calendar No. 9).—Decided August 20, 1975.

Terry L. Harmon was convicted by a jury in Ionia Circuit Court, Leo B. Bebeau, J., of prison escape. The Court of Appeals, T. M. Burns, P. J., and V. J. Brennan and Bashara, JJ., reversed and remanded for a new trial. The people appeal. *Held:*

1. What constitutes present, immediate, and impending compulsion depends on the circumstances of each case; the fact that defendant did not leave the prison until approximately 24 hours after a confrontation does not suffice to remove the defense of duress from the consideration of the jury.

2. The trial court's refusal to give an instruction on duress was reversible error.

53 Mich App 482; 220 NW2d 212 (1974) affirmed.

ESCAPE—INSTRUCTIONS TO JURY—DURESS.

What constitutes present, immediate, and impending compulsion depends on the circumstances of each case; the fact that a defendant who was charged with prison escape did not leave the prison until approximately 24 hours after a confrontation does not suffice to remove the defense of duress from the consideration of the jury (MCLA 750.193).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James Banks,* Prosecuting Attorney, and *Prosecuting Attorneys Appellate Service* (by *Edward R. Wilson,* Director, and *Aloysius J. Lynch),* for the people.

*State Appellate Defender Office* (by *Sharon Sloan* and *John A. Lydick),* for defendant on appeal.

REFERENCE FOR POINTS IN HEADNOTE
27 Am Jur 2d, Escape, Prison Breaking, and Rescue § 18

L. B. Lindemer, J. Defendant was convicted after a jury trial of prison escape. MCLA 750.193; MSA 28.390. The Court of Appeals reversed defendant's conviction, and we affirm on the same basis as *People v Luther, ante,* 394 Mich 619; 232 NW2d 184 (1975).

In this case the defendant testified to a similar confrontation to the one noted in *Luther.*[1] We discuss only one factual variation; defendant did not leave the prison until approximately 24 hours after the confrontation. This does not suffice to remove the defense of duress from the consideration of the jury.

"[W]hat constitutes present, immediate and impending compulsion depends on the circumstances of each case."[2]

The trial court's refusal to give an instruction on duress was reversibly erroneous.

The Court of Appeals is affirmed. Defendant's cross-appeal is moot.

T. G. Kavanagh, C. J., and Williams, Levin, M. S. Coleman, and J. W. Fitzgerald, JJ., concurred with Lindemer, J.

Swainson, J., took no part in the decision of this case.

---

[1] The opinion of the Court of Appeals sets forth the facts in sufficient detail. *People v Harmon,* 53 Mich App 482, 484–485; 220 NW2d 212, 213–214 (1974).

[2] *People v Richter,* 54 Mich App 598; 221 NW2d 429 (1974). (In that case the time lapse was three weeks.)