STATE OF HAWAII, Plaintiff-Appellee, *v*. JAMES COL-
LIN RENFRO, Defendant-Appellant

NO. 5616

STATE OF HAWAII, Plaintiff-Appellee, *v*. ROBERT
MARVIN OLSON, Defendant-Appellant

NO. 5630

NOVEMBER 12, 1975

RICHARDSON, C.J., KOBAYASHI, OGATA
AND MENOR, JJ., AND CIRCUIT JUDGE
SODETANI ASSIGNED BY REASON OF VACANCY

OPINION OF THE COURT BY RICHARDSON, C.J.

Defendants in both these cases were charged with possessing over 2.2 pounds of marijuana and were subsequently convicted of promoting a detrimental drug in the first degree. Section 1247 of the Hawaii Penal Code[1] provides that:

(1) A person commits the offense of promoting a detrimental drug in the first degree if he knowingly and unlawfully:

.          .          .          .          .

(e) Possesses one or more preparations . . . or substances of an aggregate weight of 2.2 pounds or more, containing any marijuana . . .

.          .          .          .          .

(2) Promoting a detrimental drug in the first degree is a class C felony.

Appellants attack the constitutionality of section 1247, alleging that the section exceeds the legitimate police power of the State; violates the constitutional right of privacy; violates the freedom of expression guaranteed by the first amendment; violates due process by classifying marijuana together with certain narcotic compounds; denies equal protection by punishing marijuana users while not punishing alcohol users; and imposes cruel and unusual punishment.

In the recent case of *State v. Baker,* 56 Haw. 271, 535 P.2d 1394 (1975), this court upheld the constitutionality of section 1249 of the Penal Code, which classifies as a petty misdemeanor the knowing possession of ". . . any marijuana . . . in any amount", thereby criminalizing possession of amounts as small as a fraction of an ounce.[2]

Although the present appeals involve the much more serious class C felony charge of possession of 2.2 pounds or more

---

[1] Act 9, S.L.H. 1972. Section 1247 is to be codified as HRS § 712-1247.

[2] Between the petty misdemeanor offense of possession of "any amount" (section 1249) and the class C felony offense of possession of over 2.2 pounds (figuring in the instant case) lies the intermediate "ordinary" misdemeanor offense of possession of 1 ounce or more, punishable under section 1248.

of marijuana, the holding in *Baker* is immediately dispositive of two arguments raised by appellants, namely, the claims that a proscription of the possession of marijuana exceeds the State's police power and that such a proscription violates the right of privacy.

We held in *Baker* that criminalization of the possession of marijuana is within the legislature's police power. We reasoned that recent scientific studies questioning the harmfulness of marijuana have not sufficiently rebutted the presumption of constitutionality attaching to the legislature's proscription. 56 Haw. at 276-78, 535 P.2d at 1397-98. The scientific studies of marijuana are still too inconclusive to compel the conclusion that the legislature has acted arbitrarily or irrationally in treating marijuana as a substantial danger to society.[3]

*Baker* also held that the constitutional right of privacy does not prevent the legislature from proscribing the possession of marijuana for private use. The court noted that neither the federal nor Hawaii constitutions has elevated the right of privacy to the equivalent of a first amendment right.[4] Therefore, in the face of the presumptively rational legislative finding that marijuana poses a serious harm to society, the right of privacy must give way.

Appellants in the instant case also raise four claims not directly resolved in *Baker, viz.*, claims based on the first amendment, due process, equal protection, and the prohibition against cruel and unusual punishment.

Appellants argue that the prohibition on possession of marijuana denies to would-be marijuana smokers the "freedom of expression" guaranteed by the first amendment.

---

[3] In a dissent to *Baker,* Justice Kobayashi argued that the presumptions of constitutionality and rationality have in fact been rebutted by the scientific studies, which, in Justice Kobayashi's judgment, have established that marijuana is not sufficiently harmful to rationally permit the imposition of criminal sanctions on mere possession. 56 Haw. at 284-92, 535 P.2d at 1402-06.

[4] *Cf.* the statement by the Supreme Court in Roe v. Wade, 410 U.S. 113, 152 (1973), that ". . . only personal rights that can be deemed 'fundamental' or 'implicit in the concept of ordered liberty' . . . are included in this guarantee of personal privacy". In State v. Kantner, 53 Haw. 327, 333, 493 P.2d 306, 310 (1972), this court held that ". . . there is no fundamental guarantee protecting the use and possession of euphoric drugs".

504

However, no claim is made that possession or use of marijuana is "symbolic speech".[5] Rather, appellants see marijuana use as involving the first amendment right to the reception of information and ideas, as conceptualized in *Stanley v. Georgia*, 394 U.S. 557, 564 (1969), wherein the Supreme Court found that the ". . . right to receive information and ideas, regardless of their social worth . . ." protects the possession and use of obscene matter in one's own home. Appellants argue that smoking marijuana opens up "new sources of knowledge and information" by allowing an individual to heighten perceptions and sensations, as expostulated at trial by appellant Renfro's expert witness. Appellants' exposition of the beneficent uses of marijuana is thought provoking, but it does not establish a first amendment freedom of *speech* issue. It is true that *Stanley v. Georgia, supra,* finds present in obscene films the first amendment component of "information and ideas", but the Supreme Court has never intimated that freedom of speech attaches to chemical substances which physically affect the workings of the brain, or that the ingestion of such substances involves the reception of "information and ideas".

Appellants further argue that the Penal Code's classification of marijuana as a "detrimental drug" along with certain medical compounds having a diluted narcotic content[6] violates due process, because marijuana is a hallucinogen and not a narcotic. In *State v. Kantner*, 53 Haw. 327, 493 P.2d 306 (1972), this court held that due process was not violated when the then-existing Hawaii marijuana statute expressly classified marijuana as a "narcotic drug". Even assuming arguendo that *Kantner* was incorrect and that express classification of marijuana as a narcotic is arbitrary and irrational,

---

[5] *E.g.*, the wearing of black armbands in symbolic protest against the Vietnam war, Tinker v. Des Moines School District, 393 U.S. 503 (1969); or the superimposing of a peace symbol on an American flag, Spence v. Washington, 418 U.S. 405 (1974).

[6] Section 1240, to be codified as HRS § 712-1240, defines "detrimental drug" as marijuana or any "Schedule V substance". HRS § 329-22 in turn defines "Schedule V substance" as "[a]ny compound . . . containing limited quantities of any of the following narcotic drugs, which also contains one or more nonnarcotic active medicinal ingredients in sufficient proportion to confer upon the compound . . . valuable medicinal qualities other than those possessed by the narcotic drug alone . . . ."

this court finds that the present Penal Code's classification of marijuana along with certain relatively mild narcotic compounds is not a violation of due process, because it is not irrational for the legislature to conclude that both types of drug are in fact "detrimental", even though there are differences in their specific physical effects upon individuals.

Appellants also argue that section 1247 violates equal protection, in that it criminalizes possession of marijuana while possession of alcohol remains noncriminal.[7] Appellants argue, with considerable persuasive power, that the clearly established, substantial dangers of alcohol seem to outweigh the less conclusively demonstrated dangers of marijuana.[8] Nevertheless, although members of this court may question the wisdom of criminalizing the possession and use of marijuana on the one hand while broadly legalizing the possession and use of alcohol on the other hand, we do not find that the legislature's differing treatment of alcohol and marijuana is so arbitrary and irrational as to violate equal protection.[9] Perhaps the legislature has chosen to exempt alcohol from proscription because it has found, in the wake of the disastrous "noble experiment" of Prohibition, that it is largely impossible to protect society from alcohol. The fact that the legislature may find itself unable to protect society from one evil (alcohol) does not compel the conclusion that it is arbitrary and irrational for the legislature to attempt to protect

[7] *Cf.* the statement by Justice Kobayashi in his dissent to State v. Kantner, *supra,* that the failure to include alcohol with marijuana as a criminally proscribed substance "could . . . be considered violative of equal protection". 53 Haw. at 351, 493 P.2d at 320.

[8] *See also* Justice Kobayashi's comparison of the indisputed, serious dangers of alcohol with the more debatable, seemingly milder dangers of marijuana, in his dissent to State v. Baker, *supra.*

[9] We agree both with the holding in State v. Kantner, *supra,* that ". . . there is no fundamental guarantee protecting the use and possession of euphoric drugs" (53 Haw. at 333, 493 P.2d at 310) and with the analogous holding in State v. Baker, *supra,* that the particular right-of-privacy values attaching to the possession of marijuana for personal use are not in themselves fundamental constitutional rights comparable to the rights guaranteed by the first amendment (56 Haw. at 280-83, 535 P.2d at 1399-1401). Therefore we apply the rational basis test in this case, rather than a "strict scrutiny" or "compelling state interest" standard of review.

against another substance (marijuana) which the legislature rationally deems harmful. Although the members of this court may question the wisdom of a "new prohibition"[10] against marijuana, "[t]he doctrine . . . that due process authorizes courts to hold laws unconstitutional when they believe the legislature has acted unwisely . . . has long since been discarded". *Ferguson v. Skrupa,* 372 U.S. 726, 730 (1963).

A final argument by appellants is that the Penal Code's imposition of imprisonment as a punishment for the mere possession of marijuana violates the constitutional guarantee against cruel and unusual punishment.[11] Appellants submit that incarceration is either totally out of proportion to the minimal gravity of the offense involved, under the test of *Weems v. United States,* 217 U.S. 349 (1910), or that incarceration for such a minor offense is contrary to "evolving standards of decency", under the test of *Trop v. Dulles,* 356 U.S. 86, 101 (1958). It seems clear that appellants' underlying assumption on which these theories depend is a proposition which we recently rejected in *State v. Baker, supra,* namely, the proposition that scientific studies have so conclusively demonstrated the relative harmlessness of marijuana that it is arbitrary and irrational to impose criminal sanctions for mere possession. We hold — at least for the present while scientific knowledge about marijuana remains incomplete — that it is not irrational for the legislature to regard marijuana as threatening a degree of harm substantial enough to warrant imposition of ordinary criminal sanctions, including imprisonment, for the possession of marijuana.

---

[10] See *J. Kaplan, Marijuana – The New Prohibition* (1970).

[11] Appellants' position is that *any* imprisonment for mere possession of marijuana is cruel and unusual punishment. Appellants are not specifically attacking the graduated penalties provided for in the Penal Code, ranging from possible imprisonment, not exceeding 30 days, for the petty misdemeanor of possession of "any amount" (pursuant to sections 1249 and 663) to possible imprisonment of 5 years for the class C felony of possession of 2.2 pounds or more (pursuant to sections 1247 and 660).

Affirmed.

*Philip H. Lowenthal,* Deputy Public Defender *(Donald K. Tsukiyama,* Public Defender, with him on the briefs), for defendants-appellants.

*Melvyn T. Yoshii,* Deputy County Attorney *(Arthur T. Ueoka,* County Attorney, with him on the brief), for plaintiff-appellee.

*John A. Chanin (Chanin & Ruthruff* of counsel), for National Organization for Reform of Marijuana Laws, Amicus Curiae.

DISSENTING OPINION OF KOBAYASHI, J.,
WITH WHOM CIRCUIT JUDGE SODETANI CONCURS

I dissent for the reasons stated in my dissent in *State v. Baker,* 56 Haw. 271, 535 P.2d 1394 (1975).