DEEDEE KALAULI, a minor, by PATRICIA L. KALAULI, her natural mother and Guardian Ad Litem; and PATRICIA L. KALAULI, Plaintiffs-Appellants *v.* BETTY ANN LUM, Defendant-Appellee

NO. 6089

JULY 13, 1976

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR and KIDWELL, JJ.

*Per Curiam.* This case is before us on Defendant-Appellee's motion to strike Plaintiff-Appellant's notice of appeal, which we treat as a motion to dismiss the appeal. The motion presents the question whether a timely notice of appeal was filed.

Following a jury verdict for Appellee, a motion for a new trial was filed and judgment was entered for Appellee pending the motion. The motion for a new trial was denied. Within the period provided by Rule 73(a), H.R.C.P., for filing of a notice of appeal, Appellant filed a motion for leave to proceed on appeal in forma pauperis, to which motion was attached an unsigned form of notice of appeal from the judgment which Appellant asked the trial court to approve. The motion remained unheard for about five months. Upon hearing the motion, the trial court waived the filing fee for the notice of appeal, but denied the motion otherwise. A motion for leave to proceed on appeal in forma pauperis, for waiver of costs of court and bond on appeal and for provision of transcript at State expense was then filed in this court by Appellant. The motion was denied on the authority of *Serrao* v. *Santos,* 43 Haw. 208 (1959), by our order entered March 4, 1976, except that the filing fee of this court payable by Appellant on this appeal was waived and Appellant was relieved from the filing of a bond or other security for costs. On March 25, 1976, Appellant filed in the Circuit Court a notice of appeal from the judgment filed January 31, 1975 and from the order denying a new trial filed April 17, 1975.

The timely motion for a new trial postponed, until the date of the order denying the motion, the commencement of the running of the 30-day period fixed by Rule 73(a), H.R.C.P. for filing the notice of appeal. However, the motion for leave to appeal in forma pauperis is not one of the motions enumerated in Rule 73(a) and did not have the effect of again terminating the running of the time for appeal. It follows that a timely notice of appeal was filed in this case only if the motion for leave to appeal in forma pauperis may be regarded as itself constituting the required notice.

While not binding on this court, the decisions of the Federal courts dealing with similar questions under former Rule 73(a) of the Federal Rules of Civil Procedure are useful precedents. These decisions "generally hold that the requirement [of timely filing of a notice of appeal] is discharged if the party attempting to appeal makes a clear assertion of his determination to do so . . . within the time allowed for taking the appeal." 9 MOORE'S FEDERAL PRACTICE ¶203.09 (2d ed. 1975). Thus, a motion for leave to appeal in forma pauperis in a civil case, although denied, has been held to be a sufficient notice of appeal. *Roth* v. *Bird,* 239 F.2d 257 (5th Cir. 1956). Also see *Des Isles* v. *Evans,* 225 F.2d 235 (5th Cir. 1955); *Cobb* v. *Lewis,* 488 F.2d 41 (5th Cir. 1974). We agree with the rationale of these cases and of the cases cited therein, that substantial compliance with Rule 73(a) is sufficient. The filing of the motion for leave to appeal in forma pauperis in the present case satisfied the requirement of a notice of appeal by putting both the trial court and the opposing party on notice of Appellant's intent to appeal. The fact that the notice of appeal was not in a more conventional form is not shown to have prejudiced Appellee in any way. Indeed, the parties and the trial court, by proceeding with the motion for leave to appeal in forma pauperis, demonstrated their mutual assumption that Appellant's right of appeal had not been foreclosed. Our present determination merely confirms this.

We should also recognize the question whether the motion for leave to appeal in forma pauperis, although sufficient in form as a notice of appeal, may have been ineffective because

not accompanied by payment of the filing fee prescribed by HRS § 607-5 and the deposit of costs on appeal required by HRS § 607-7. The waiver of these costs having occurred at a time long past the expiration of the period for taking the appeal, there may be room to argue that an effective notice of appeal was not filed earlier. However, neither Rule 73(a) nor HRS § 641 conditions the effectiveness of a notice of appeal upon the payment of costs, and we do not regard either the payment or deposit of costs as jurisdictional. Faced with a similar question, the United States Supreme Court has held that a notice of appeal was timely where received by the court clerk within the 30-day appeal period, although the filing fee was not paid until later and although the statute required that the filing fee be paid "upon the filing" of the notice of appeal. *Parissi* v. *Telechron, Inc.,* 349 U.S. 46 (1955).

The motion to dismiss the appeal is denied.

*Kenneth S. Robbins,* for Defendant-Appellee for the motion.

*Joseph A. Ryan (Ryan & Ryan* of counsel) for Plaintiffs-Appellants, contra.