STATE OF HAWAII, Plaintiff-Appellee, *v.* GLENN KALANI HORN, LARRY JAMES ORTIZ, Defendant-Appellants, and DELBERT KAAHANUI WAKINEKONA, Defendant

NO. 5901

AUGUST 5, 1977

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR AND KIDWELL, JJ.

*Per Curiam*. The defendants, Horn and Ortiz, were indicted and convicted by a jury of the crime of escape in the second degree (HRS § 710-1021). They appeal from the judgment and sentence of the circuit court.

We are called upon to decide whether and to what extent the "choice of evils" or "necessity" defense (HRS § 703-302) is available to the accused in escape situations. We hold that the defense is available to the escapee provided certain conditions are met, and in this regard we adopt the rationale and the conditions imposed by *People v. Lovercamp*, 43 Cal.App.3d 823, 118 Cal.Rptr. 110 (1974), with one principal modification. In that case, the court held that a limited defense of necessity in escape situations is available to the accused if the following conditions exist:

(1) The prisoner is faced with a specific threat of death, forcible sexual attack or substantial bodily injury in the immediate future;

(2) There is no time for a complaint to the authorities or there exists a history of futile complaints which make any result from such complaints illusory;

(3) There is no time or opportunity to resort to the courts;

(4) There is no evidence of force or violence used towards prison personnel or other innocent persons in the escape; and

(5) The prisoner immediately reports to the proper authorities when he has attained a position of safety from the immediate threat.

HRS § 703-302, however, provides that "[c]onduct which the actor believes to be necessary to avoid an imminent harm or evil to himself or to another is justifiable" when the "harm or evil sought to be avoided by such conduct is greater than that sought to be prevented by the law defining the offense charged." We think it to be more consistent with this statutory language to hold that a *specific* threat of death, forcible sexual attack, or substantial bodily injury is not required. It is enough that specific and articulable conditions within the prison exist which seriously expose the prisoner to severe injury. But there must be some support in the evidence that the danger existed, that the defendant was vulnerably exposed to the danger, and that the threatened harm to him was imminent. HRS § 703-302. *Cf. State v. Marley,* 54 Haw. 450, 509 P.2d 1095 (1973). Whether the threat of harm was imminent, and whether the defendant was reasonable in his assessment of the situation and in acting as he did are to be determined from the facts and circumstances of the particular case.

At trial in this case the prosecution presented evidence showing that the defendants had intentionally escaped from the Hawaii State Prison. They were captured shortly thereafter. After the State rested its case, counsel for the defense raised the defense of necessity. Thereupon, counsel was directed by the court to make an offer of proof. The trial court rejected the defense, essentially for the reason that the offer of proof failed to indicate that specific threats of serious bodily injury had been directed toward the defendants. The defendants themselves admitted that no specific threats had been made.

The gist of the offer of proof relative to the alleged imminent harm or evil that the defendants sought to avoid was that at and immediately prior to the escape, they were inmates confined to the maximum security unit of the Hawaii State Prison; that existing conditions at the prison had created an extremely explosive situation; that there was a history of

violence among the prisoners, and that prisoners were known to carry guns within the unit; that because of the refusal of prison personnel to perform guard duty within the security unit, no one was safe in the unit; that as a further result, there existed a threat of imminent violence in the security unit; that the history of guard reaction to disturbances in the maximum security unit evidenced a tendency to respond with firearms and force beyond that which was allowed under prison regulations; that because of these existing conditions, the defendants reasonably believed themselves to be in imminent danger of serious bodily injury, either from an outbreak of violence among the prisoners, or as a result of over-reaction of security personnel to disturbances within the unit, or from a combination of both.

An accused is entitled to a jury determination of his guilt or innocence, and it is his constitutional right to present any and all competent matters in his defense. A right to a trial by jury and the right to adduce evidence in his behalf are two of the fundamentals inherent in the due process guarantee of a fair trial. *In re Oliver*, 333 U.S. 257, 273 (1948). Thus, where the accused asserts a defense sanctioned by law to justify or to excuse the criminal conduct charged, and there is some credible evidence to support it, the issue is one of fact that must be submitted to the jury. *State v. Chang*, 46 Haw. 22, 374 P.2d 5 (1962); *State v. Irvin*, 53 Haw. 119, 488 P.2d 327 (1971). *See also Territory v. Alcantara*, 24 Haw. 197 (1918). On the other hand, where evidentiary support for the asserted defense, or for any of its essential components, is clearly lacking, it would not be error for the trial court either to refuse to charge on the issue or to instruct the jury not to consider it. *See United States v. Gosser*, 339 F.2d 102, 109-110 (6th Cir. 1964). Consistent with these rules, it would be reversible error for the trial court to reject evidence which, if admitted, would present an essential factual issue for the trier of fact.

We think that evidence bearing upon the offer of proof, and fairly tending to establish the defense, should have been admitted, and if substantiated by competent and relevant testimony, the defense of necessity should have been submitted to the jury. It would then have been for the jury to

determine whether the harm sought to be avoided was imminent and real, *cf. People v. Harmon*, 394 Mich. 625, 232 N.W.2d 187 (1975), and whether the defendants were reasonable in their belief that escape was the only means of avoiding the threat of serious injury created by the alleged conditions. *See* HRS §§ 703-300(1) and 703-302, and Commentaries thereto; *People v. Harmon, supra.*

The defense of necessity in escape situations, as pointed out by the *Harmon* court and with which we agree, is very limited. Under ordinary circumstances, assistance from security and prison support personnel can reasonably be expected. Force or violence, or threats thereof, directed at prison personnel or against other innocent persons, in connection with and to facilitate the escape, will foreclose the use of the defense. Further, there is the ultimate requirement that the prisoner must report immediately to the proper authorities once he has attained a position of safety from the immediate threat. *People v. Harmon, supra.*

Reversed and remanded for new trial.[1]

*Mitchell J. Werth*, Deputy Public Defender *(Donald K. Tsukiyama*, Public Defender of counsel) for defendants-appellants.

*Cora K. Lum*, Deputy Prosecuting Attorney *(Maurice Sapienza*, Prosecuting Attorney, of counsel) for plaintiff-appellee.

---

[1] Contrary to the position taken by the State, we hold that the notice of appeal was timely filed. *See* Kalauli v. Lum, 57 Haw. 168, 552 P.2d 355 (1976); Parissi v. Telechron, Inc., 349 U.S. 46 (1955).