## STATE OF HAWAII, Plaintiff-Appellee, *v.* WALTER R. BACHMAN, Defendant-Appellant

### NO. 6392

### MAY 21, 1979

RICHARDSON, C.J., OGATA AND MENOR, JJ.,
RETIRED JUSTICE MARUMOTO AND CIRCUIT JUDGE
KATO ASSIGNED BY REASON OF VACANCIES

---

*Per Curiam*. The defendant was convicted of the offense of violating HRS § 712-1249, which provides:

"(1) A person commits the offense of promoting a detrimental drug in the third degree if he knowingly possesses any marijuana or any Schedule V substance in any amount.

"(2) Promoting a detrimental drug in the third degree is a petty misdemeanor."

On appeal the defendant asserts the unconstitutionality of the statute. We find this contention to be without merit. What we said in *State v. Baker*, 56 Haw. 271, 535 P.2d 1394 (1975), and *State v. Renfro*, 56 Haw. 501, 542 P.2d 366 (1975), is still determinative of this issue.[1]

The defendant further argues, however, that medical necessity ought to be a defense to a marijuana possession charge. In *United States v. Randall*, 20 Cr.L. 2299 (decided Nov. 24, 1976), a superior court for the District of Columbia upheld the validity of such a claim. There the defendant was suffering from glaucoma, and medical testimony from a physician was to the effect that conventional medications· for the disease were ineffective, and that surgery carried significant risks of immediate blindness. An experimental program conducted under the direction of the physician, to which the defendant subscribed, further indicated that marijuana smoking had a beneficial effect upon the defendant's condition.

It is entirely possible that medical necessity could be asserted as a defense to a marijuana possession charge in a proper case. *See* HRS § 703-302. *See also State v. Horn*, 58

---

[1] We note that the legislature, in its 1979 session, has again rejected proposals to decriminalize possession of marijuana.

Haw. 252, 566 P.2d 1378 (1977). This would require a showing, however, by competent medical testimony, of the beneficial effects upon the defendant's condition of marijuana use, as well as the absence or ineffectiveness of conventional medical alternatives. *United States v. Randall, supra.* Relief from simple discomfort would not suffice. The harm to which the defendant is exposed must be serious and it must be imminent, HRS § 703-302; *State v. Horn, supra,* and medical testimony would be required to show compelling need for its use.

The absence of such testimony in this case rendered ineffective the defendant's asserted defense of medical necessity. Further, it would appear that under HRS § 328-16 a statutory vehicle presently exists by which marijuana may be prescribed for medicinal purposes by a practitioner licensed by law to administer the drug.

Affirmed.

*Walter R. Bachman,* pro se and *Christopher D. Ferrara,* Deputy Public Defender for Defendant-Appellant.

*Lydia Garcia,* Deputy Prosecuting Attorney for Plaintiff-Appellee.