**Dolores S. MONTGOMERY and Charles P. Muldon, as Personal Representatives of the Estate of Anita O. Spain, and Dolores S. Montgomery, individually, Appellants,**

v.

**DOCTER, DOCTER & SALUS, P.C., Appellee.**

No. 89–1049.

District of Columbia Court of Appeals.

Decided July 13, 1990.

Before FERREN and STEADMAN, Associate Judges, and PRYOR, Senior Judge.

PER CURIAM:

This case is before us on a motion to dismiss an appeal. We must decide whether a notice of appeal timely filed but without a filing fee and requisite number of copies, as required by Super.Ct.Civ.R. 202 and D.C.App.R. 3(a), should be dismissed for lack of jurisdiction.

Appellants sought appeal from the trial court's order of June 26, 1989, awarding appellee, Docter, Docter & Salus, P.C., legal fees. On July 22, 1989, appellants' counsel mailed a notice of appeal to the Clerk of the Superior Court and served a copy upon counsel for appellee. Upon receipt on July 24, 1989, the Clerk rejected the notice of appeal because it was not accompanied by a $5 filing fee[1] and eight copies.[2] On July 31, 1989, appellants' counsel received notice of this rejection and promptly sent the filing fee and eight cop-

---

1. Super.Ct.Civ.R. 202.

2. D.C.App.R. 3(a).

ies of the notice of appeal to the Clerk, by Federal Express.[3]  On the next day, August 1, 1989, appellants' counsel telephoned the Clerk and was informed that the filing fee and copies of the notice of appeal had been received.  Appellee then moved this court to dismiss appellants' appeal as untimely filed.  On these facts, we deny appellee's motion.

In this jurisdiction, the filing of a notice of appeal is timely when "the notice is, in fact, received by [the Clerk of the Superior Court] within the prescribed time."  D.C. App.R. 3(a).  In this case, the filing period ended on July 31, 1989, as the order appealed from was entered on the docket and mailed to appellants on June 26, 1989.  D.C.App.R.  4(a)(1), (3), 26(c).[4]  The Clerk initially received appellants' notice of appeal on July 24, 1989, well within the mandatory 30–day period prescribed by our rules.  *See In re C.I.T.*, 369 A.2d 171, 172 (D.C.1977).  The only defect in the appeal process was appellants' failure to include the filing fee and copies of the notice of appeal.

When presented with the same issue in part, the Supreme Court held in *Parissi v. Telechron, Inc.*, 349 U.S. 46, 75 S.Ct. 577, 99 L.Ed. 867 (1955) (*per curiam*), that untimely payment of a filing fee. does not vitiate the validity of a notice of appeal.  Several federal circuit courts of appeal,

relying on *Parissi*, have allowed an appeal when timely noted but unaccompanied by a filing fee.  *E.g., Gee v. Tenneco, Inc.*, 615 F.2d 857, 859 (9th Cir.1980); *Gould v. Members of N.J. Div. of Water Policy & Supply*, 555 F.2d 340, 341 (3d Cir.1977); *Sanchez v. Dallas Morning News*, 543 F.2d 556, 557 (5th Cir.1976); *Rothman v. United States*, 508 F.2d 648, 651–652 (3d Cir. 1975); *Thorndal v. Smith, Wild, Beebe & Cades*, 339 F.2d 676, 677–679 (8th Cir.1965); *Brennan v. United States Gypsum Co.*, 330 F.2d 728, 729 (10th Cir.1964).  Likewise, federal district courts and state courts have followed *Parissi*.  *E.g., Ball v. United States*, 653 F.Supp. 44, 46–47 (E.D. Tenn.1985); *United States v. Puckett*, 573 F.Supp. 713, 715–716 (E.D.Tenn.1981); *Avco Financial Services v. Caldwell*, 219 Kan. 59, 547 P.2d 756 (1976); *Kalauli v. Lum*, 57 Haw. 168, 552 P.2d 355 (1976); *Williams v. State*, 324 So.2d 74 (Fla.1975).[5] We agree with these decisions.

Accordingly, we hereby adopt *Parissi* and hold that notwithstanding appellants' omission of a $5 filing fee, the instant appeal was timely filed when received by the Clerk of the Superior Court on July 24, 1989.  The fact that appellants also failed to include eight copies of the notice of appeal does not persuade us otherwise. While we recognize that this added filing requirement is essential to the processing of an appeal, it is not a jurisdictional pre-

---

3.  Appellants' counsel was in Boulder, Colorado, when he received notice that the appeal had been rejected.

4.  The relevant paragraphs of D.C.App.R. 4 provide:

(a) *Civil cases.*

(1) Notice of appeal.  A notice of appeal in a civil case shall be filed with the Clerk of the Superior Court within thirty days after entry of the judgment or order from which the appeal is taken unless a different time is specified by the provisions of the District of Columbia Code....

      *    *    *    *    *    *

(3) ... When a judgment or final order is entered or decided out of the presence of the parties and counsel, such judgment or order shall not be considered as having been entered, for the purpose of calculating the time

for filing a notice of appeal ... until the fifth day after the Clerk of the Superior Court has made an entry on the docket, ... reflecting the mailing of notice by that clerk.

D.C.App.R. 26(c) provides:

Whenever a party has the right or duty to act or proceed within a prescribed period after the service of a paper upon that party and the paper is served by mail, the party shall have five additional days within which to act.

Consequently, because the order appealed from was issued by mail, appellants had until July 31, 1989, or five days beyond July 26, 1989, the 30th day, to note their appeal.

5.  *Contra Prowswood, Inc. v. Mountain Fuel Supply Co.*, 676 P.2d 952 (Utah 1984) (mistake in failing to include docketing fee with notice of appeal not excusable neglect and appeal dismissed for lack of jurisdiction).

requisite.[6]  Motion denied.

---

6.  D.C.App.R. 3(a) does not make the filing of copies of a notice of appeal a jurisdictional prerequisite; nor does Super.Ct.Civ.R. 202, the filing fee requirement.  We add, as did the Court in *Parissi*, that our holding today "does not leave [these rules] without other sanctions." *Parissi, supra,* 349 U.S. at 47, 75 S.Ct. at 577.