Jannine **MOHR** and Charlotte **McDaniel**, Plaintiffs–Appellants,

v.

Guy **KELLEY**, Defendant–Appellee.

No. 98CA1271.

Colorado Court of Appeals, Div. III.

Feb. 17, 2000.

Certiorari Denied Sept. 5, 2000.

Jannine Mohr, Pro Se.

Thomas R. French, P.C., Thomas R. French, Fort Collins, Colorado, for Plaintiff–Appellant Charlotte McDaniel.

Bennington Johnson & Reeve, P.C., Thomas C. Reeve, Kathleen E. Craigmile, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge ROY.

In this action arising out of an employment wage dispute, plaintiffs, Jannine Mohr and Charlotte McDaniel, appeal a partial summary judgment entered in favor of defendant, Guy Kelley. We affirm.

McDaniel and Mohr were initially volunteers with defendant's campaign committee for election to the United States House of Representatives from the Fourth Congressional District in the 1996 general election (the Campaign). In their amended complaint, the plaintiffs allege they were each hired by the Campaign: McDaniel in January of 1996, and Mohr, as Campaign chairman, in March of 1996. Both Mohr and McDaniel occupied paid positions.

In October of 1996, Mohr was discharged, and the following day McDaniel resigned. Following their departure from the Campaign, plaintiffs claimed they were owed back wages. The Campaign refused to pay, stating that it did not have sufficient funds to pay the salaries.

Consequently, plaintiffs commenced this action against defendant, individually, asserting claims for breach of contract, quantum meruit, promissory estoppel, and a violation of the Colorado Wage Claim Act, §§ 8–4–101 to 8–4–127, C.R.S.1999 (the Wage Act).

After some preliminary discovery was conducted, and based upon the undisputed facts revealed, defendant moved for summary judgment on all of plaintiffs' claims. The trial court granted defendant's motion on the grounds that defendant was not individually liable to plaintiffs pursuant to the Uniform Unincorporated Nonprofit Association Act (the Association Act), § 7–30–101, et seq., C.R.S.1999, most particularly § 7–30–106, C.R.S.1999. In addition, the trial court concluded there was no issue as to any material fact that the obligation to pay a salary or

wages for the plaintiffs' services was contingent on the availability of funds, and no funds were available. Plaintiffs sought and obtained a C.R.C.P. 54(b) order, and this appeal followed.

■ Appellate review of an order granting summary judgment is *de novo*. *Aspen Wilderness Workshop, Inc. v. Colorado Water Conservation Board*, 901 P.2d 1251 (Colo. 1995).

■ When reviewing a summary judgment order, we are required to determine whether any genuine issues of material fact exist and whether the moving party is entitled to judgment as a matter of law. *Churchey v. Adolph Coors Co.*, 759 P.2d 1336 (Colo.1988). In making this determination, all doubts as to the existence of a triable factual issue must be resolved against the moving party, *Travelers Insurance Co. v. Savio*, 706 P.2d 1258 (Colo.1985), and the opposing party is given the benefit of all favorable inferences that may be drawn from the facts. *Kaiser Foundation Health Plan v. Sharp*, 741 P.2d 714 (Colo.1987).

■ However, once the moving party establishes that no material fact is in dispute, the burden of proving the existence of a factual issue shifts to the opposing party. Failure of the opposing party to satisfy its burden entitles the moving party to summary judgment. *Gifford v. City of Colorado Springs*, 815 P.2d 1008 (Colo.App.1991).

■ In addition, arguments or evidence not presented to the trial court in connection with a motion for summary judgment will not be considered on appeal. *See County Court v. Ruth*, 194 Colo. 352, 575 P.2d 1 (1977), *appeal after remand*, 198 Colo. 6, 595 P.2d 237 (1979) (appellate jurisdiction limited to issues which had been before the district court in proper procedural posture).

## I.

■ Plaintiffs contend that the trial court erred in holding that the defendant was not personally liable for the obligations of the Campaign under the Association Act. We disagree.

The Association Act was originally proposed by the Commissioners on Uniform State Laws in 1992, and was adopted in Colorado in 1994. Colo. Sess. Laws 1994, ch. 222, § 1.

Prior to the Association Act's adoption, unincorporated associations, profit and non-profit, were treated the same as general partnerships, thus members could be individually liable for obligations of the association in both tort and contract. *See Thomas v. Dunne*, 131 Colo. 20, 279 P.2d 427 (1955).

Section 7–30–106 substantially changes the law with respect to unincorporated nonprofit associations. It provides in pertinent part as follows:

(1) A nonprofit association is a legal entity separate from its members for the purposes of determining and enforcing rights, duties, and liabilities in contract and tort.

(2) A person is not liable for a breach of a nonprofit association's contract merely because the person is a member of the nonprofit association, is authorized to participate in the management of the affairs of the nonprofit association, or is a person considered to be a member by the nonprofit association.

■ There is no case law construing or applying this provision of the Association Act. The Association Act makes a nonprofit unincorporated association a legal entity separate and apart from its members. Therefore, logically, nonprofit unincorporated associations are more in the nature of corporations, limited partnerships, or limited liability companies. This basic and fundamental change has a considerable impact on the liability of members and others for the liabilities of nonprofit unincorporated associations. The official comments make these changes, and their implications, clear. Two of the official comments state:

3. Subsections [2] through [5] are applications to common cases of the basic principle in subsection [1]. Because a nonprofit association is made a separate legal entity, its members are not co-principals. Consequently they are not liable on contracts or for torts for which the association is liable. Subsection [2] specifies that result with respect to contracts.

4. Subsection [2] applies the principle in subsection [1] to relieve members and others from vicarious liability for the contracts of a nonprofit association.

Plaintiffs allege that they were hired by the Campaign and that defendant negotiated their respective employment agreements, and made most, if not all, of the management decisions for the Campaign. It is undisputed that the defendant, as the candidate, was the person to be benefited by the activities of the Campaign and participated in its management. There was, however, no formal organizational structure to the Campaign.

It is clear from the plain meaning of § 7–30–106 that the defendant is not liable for the contracts of the Campaign merely because he was the candidate, was a member of the Campaign, had management responsibilities within the Campaign, or negotiated the plaintiffs' employment contracts on behalf of the Campaign.

Having so concluded, we need not address the trial court's alternative holding that the obligation of the Campaign to pay the plaintiffs a salary was contingent on the availability of funds.

## II.

Plaintiffs argue that the Wage Act which makes an employer liable for wages and which, in § 8–4–101(6), C.R.S.1999, defines "employer" as persons and entities "and any agent or officer thereof," renders defendant liable for their pay, the provisions of the Association Act notwithstanding. While plaintiffs alleged claims in their original and amended complaints under the Wage Act, they failed to make this argument before the trial court either prior to, or following, the entry of summary judgment. We will not address an argument raised for the first time on appeal. *Horrell v. City of Aurora*, 976 P.2d 315 (Colo.App.1998).

Judgment affirmed.

Judge PLANK and Judge CASEBOLT concur.