STATE OF HAWAI`I, Plaintiff-Appellee,
v.
ROBEN BALANZA, Defendant-Appellant
No. 27212.
Intermediate Court of Appeals of Hawaii.
March 31, 2008.
Jon N. Ikenaga, Deputy Public Defender for Defendant-Appellant.
Artemio C. Baxa, Deputy Prosecuting Attorney County of Maui, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
WATANABE, Presiding Judge, and NAKAMURA, J., and FUJISE, J., dissenting)
Defendant-Appellant Roben Balanza (Balanza) appeals from the Judgment filed on March 11, 2005, in the Family Court of the Second Circuit (the family court).[1] Plaintiff-Appellee State of Hawaii (the State) charged Balanza by complaint with violating an order that required him to stay away from his residence for twenty-four hours. The order was issued pursuant to Hawaii Revised Statutes (HRS) § 709-906(4) (Supp. 2002).[2] The complaining witness (CW) who prompted the issuance of the stayaway order was Balanza's girlfriend. After a bench trial, Balanza was found guilty as charged. The family court sentenced Balanza to one year of probation and a jail term of forty-eight hours, with credit for twenty-one hours served.

I.
On appeal, Balanza argues that: 1) there was insufficient evidence to prove that police officer Melvin Johnson, Jr. had reasonable grounds to issue the stay-away order; and 2) the family court violated Balanza's constitutional rights by precluding him from calling the CW as a witness at trial. We agree with Balanza's second contention and therefore vacate his conviction and remand the case for a new trial.
After a careful review of the record and the briefs submitted by the parties, we resolve the issues raised by Balanza on appeal as follows:
1. We conclude that there was sufficient evidence to show that Officer Johnson had reasonable grounds to issue the stay-away order. To obtain Balanza's conviction, the State was required to prove, among other elements, that in issuing the stay-away order, Officer Johnson had reasonable grounds to believe that: 1) there was physical abuse or harm inflicted by Balanza upon the CW; and 2) there was probable danger of further physical abuse or harm being inflicted by Balanza upon the CW. See HRS 709-906(4).
Officer Johnson testified that he issued the stay-away order after receiving information from Officer Schnitzer, who also had responded to Balanza's residence. According to Officer Johnson, Officer Schnitzer told him that the CW had reported being physically pushed around and shoved, although the CW did not claim injuries at that time or pain, and that the CW had said there were past acts of abuse between her and Balanza. Officer Johnson also recalled hearing about police officers going to Balanza's residence on abuse cases in the past. Officer Johnson observed that the CW appeared to be shaking and upset over the incident and that Balanza was aggressive in his demeanor and directed profanities at the CW. When viewed in the light most favorable to the prosecution, State v. Richie, 88 Hawai`i 19, 33, 960 P.2d 1227, 1241 (1998), we conclude that Officer Johnson's testimony was sufficient to prove that Officer Johnson had reasonable grounds to issue the stay-away order.
2. Balanza claims that the family court's decision to preclude him from calling the CW to testify violated his constitutional rights to compulsory process and to present a defense. We conclude that the family court harmfully erred in precluding Balanza from calling the CW as a defense witness.
After the State rested, Balanza attempted to call the CW as his first witness. In response to a request for an offer of proof, Balanza indicated that the CW could provide testimony relevant to whether the police had reasonable grounds for issuing the stay-away order. Balanza further proffered that the CW could provide testimony on whether Officer Johnson had given Balanza the opportunity to retrieve personal items from the house.[3] See HRS §709-906(4)(b). Balanza stated that the CW would provide details that conflicted with Officer Johnson's testimony on this subject, thereby providing a basis to attack Officer Johnson's credibility.
The family court apparently concluded that the CW's proffered testimony was not relevant, and the court sustained the State's objection to Balanza's calling the CW as a witness. We disagree with the family court's ruling.
The CW played a critical role in the issuance of the stay-away order. She was the alleged victim of past abuse by Balanza, and the stay away order was issued to protect her from possible impending abuse. It was the information the CW allegedly provided to Officer Schnitzer that provided the essential basis for Officer Johnson to issue the stay-away order. Balanza was not present during the CW's conversation with Officer Schnitzer and thus had no first-hand knowledge of what the CW told Officer Schnitzer. The CW clearly could offer testimony that was relevant to whether Officer Johnson had a reasonable basis for issuing the stay-away order, a necessary element of the prosecution's proof. See Hawaii Rules of Evidence (HRE) Rules 401 and 402 (1993).
For example, the CW could provide testimony about the statements she made to Officer Schnitzer, which would be probative of whether those statements had been accurately conveyed to Officer Johnson and properly relied upon by him. In addition, Balanza proffered that the CW's testimony would conflict with Officer Johnson's testimony regarding whether Officer Johnson gave Balanza the opportunity to retrieve personal effects from the house. The CW's testimony could therefore have served to impeach Officer Johnson's credibility. See HRE Rules 607 and 609.1 (1993). Officer Johnson was the State's main witness and being able to attack his credibility was crucial to Balanza's defense. Under these circumstances, we conclude that the family court erred in precluding Balanza from calling the CW as a witness. See State v. Horn, 58 Haw. 252, 255, 566 P.2d 1378, 1380 (1977).

II.
We vacate the family court's March 11, 2005, Judgment and remand the case for a new trial.
NOTES
[1] The Honorable Barclay E. MacDonald presided.
[2] At the time of the alleged offense, Hawaii Revised Statutes (HRS) § 709-906 (Supp. 2002) provided in relevant part:

(1) It shall be unlawful for any person, singly or in concert, to physically abuse a family or household member or to refuse compliance with the lawful order of a police officer under subsection (4). . . . .
For the purposes of this section, "family or household member" means spouses or reciprocal beneficiaries, former spouses or reciprocal beneficiaries, persons who have a child in common, parents, children, persons related by consanguinity, and persons jointly residing or formerly residing in the same dwelling unit.
. . . .
(4) Any police officer, with or without a warrant, may take the following course of action where the officer has reasonable grounds to believe that there was physical abuse or harm inflicted by one person upon a family or household member, regardless of whether the physical abuse or harm occurred in the officer's presence:
(a) The police officer may make reasonable inquiry of the family or household member upon whom the officer believes physical abuse or harm has been inflicted and other witnesses as there may be;
(b) Where the police officer has reasonable grounds to believe that there is probable danger of further physical abuse or harm being inflicted by one person upon a family or household member, the police officer lawfully may order the person to leave the premises for a period of separation of twenty-four hours, during which time the person shall not initiate any contact, either by telephone or in person, with the family or household member provided that the person is allowed to enter the premises with police escort to collect any necessary personal effects;
(c) Where the police officer makes the finding referred to in paragraph (b) and the incident occurs after 12:00 p.m. on any Friday, or on any Saturday, Sunday, or legal holiday, the order to leave the premises and to initiate no further contact shall commence immediately and be in full force, but the twenty-four hour period shall be enlarged and extended until 4:30 p.m. on the first day following the weekend or legal holiday;
(d) All persons who are ordered to leave as stated above shall be given a written warning citation stating the date, time, and location of the warning and stating the penalties for violating the warning. A copy of the warning citation shall be retained by the police officer and attached to a written report which shall be submitted in all cases. A third copy of the warning citation shall be given to the abused person;
(e) If the person so ordered refuses to comply with the order to leave the premises or returns to the premises before the expiration of the period of separation, or if the person so ordered initiates any contact with the abused person, the person shall be placed under arrest for the purpose of preventing further physical abuse or harm to the family or household member; and
(f) The police officer may seize all firearms and ammunition that the police officer has reasonable grounds to believe were used or threatened to be used in the commission of an offense under this section.
(Emphases added.)
[3] Officer Johnson testified that he had permitted Balanza to enter the residence to retrieve personal items before Balanza left the premises and that Balanza had gone inside and grabbed a shirt. Balanza proffered that the CW would testify that she did not see Balanza go into the house and that she did not see Balanza carrying anything when he departed. Balanza later testified that Officer Johnson did not give Balanza a chance to retrieve Balanza's items from the house.