**Grace T. COBO, Petitioner,**

v.

**DISTRICT OF COLUMBIA DEPART-
MENT OF EMPLOYMENT
SERVICES, Respondent.**

No. 84–1409.

District of Columbia Court of Appeals.
Argued Oct. 4, 1985.
Decided Dec. 18, 1985.

James D. Healy, Arlington, Va., for petitioner.

Michael A. Milwee, Washington, D.C., for respondent.

Before BELSON, ROGERS, and STEADMAN, Associate Judges.

PER CURIAM:

The Department of Employment Services (DOES) determined petitioner to be ineligible for unemployment compensation because she failed to perfect a timely intra-agency appeal of the Claims Examiner's

finding that she had been discharged for misconduct. D.C. Code § 46–111(b) (1985 Supp.). Petitioner seeks review here, asserting that DOES is estopped from raising the timeliness of her appeal because agency documents, which she received subsequent to notice of the Claims Examiner's disqualification, lulled her into not taking a timely appeal.[1] Because we hold that DOES failed to fulfill its obligation under *Ploufe v. District of Columbia Department of Employment Services*, 497 A.2d 464, 465 (D.C.1985) (per curiam), we reverse.

Petitioner alleges that after she received a notice on June 19, 1984, that her petition for benefits had been denied (Exhibit 3), she received four documents which implied or stated that she would receive benefits (Exhibits 5, 6, 7, 11).[2] All of the documents were dated June 18, 1984, except Exhibit 7, which was dated June 19, 1984, and all of the documents were signed by the same DOES official. When petitioner called DOES on June 29, 1984 to inquire about the progress of her claim and when she would be receiving her check, the DOES official who had signed all of the documents informed her that she would not be receiving a check because she was disqualified. Petitioner filed an appeal from her disqualification on the same day.

■ *Ploufe, supra,* held that before DOES can invoke the untimeliness of an intra-agency appeal, it must be clear that the agency fulfilled its obligation to give notice which was "reasonably calculated to apprise petitioner of the decision of the Claims Examiner and an opportunity to contest that decision in an administrative appeal." *Id.* at 465 (quoting *Thomas v. District of Columbia Department of Employment Services,* 490 A.2d 1162, 1164 (D.C.1985)). DOES contends here that it did give such notice because such document on which petitioner relies indicated that the benefit referred to therein arises under a different section of the District of Columbia Unemployment Compensation Act than that under which she was determined to be ineligible because of misconduct. Hence, had she read the documents, she would have been aware that two separate decisions were being made, one regarding whether she was eligible to receive unemployment benefits, and a second regarding the amount of benefits to which she would be entitled. Further, DOES argues the petitioner was aware there was a question regarding the amount of benefits to which she would be entitled because she had received an inquiry (Exhibit 4, Claimant Supplementary Information Request, dated June 6, 1984) concerning her pension approximately two weeks before the disqualification of June 18, 1984.

■ The June 18 notice of ineligibility states that, in the absence of a timely appeal, the ineligibility remains in force until petitioner has been subsequently employed for ten weeks and has a specified level of earnings. Although each exhibit on which petitioner relies refers to a different section of the District of Columbia Unemployment Compensation Act, Exhibits 6 and 7

---

1. Petitioner's contention that the ten day time for appeal, D.C.Code § 46–112(b), began to run on the date of receipt and not the date of mailing, is without merit. *Gaskins v. District Unemployment Compensation Board,* 315 A.2d 567 (D.C.1974).

2. The documents on which petitioner relies are: *Exhibit 3*: Determination of the Claims Examiner, dated June 18, 1984, of ineligibility due to misconduct, § 10(b) [D.C.Code § 46–111(b)]. *Exhibit 5*: Claimant Supplementary Information Requests, dated June 18, 1984, and attachment, requesting the petitioner allow DOES to be notified of the outcome of her proceedings seeking reinstatement to her federal job. [D.C.Code § 46–101(4)]. Petitioner completed the attached form and dated it June 21, 1984. *Exhibit 6*: Pension Reduction Notice, dated June 18, 1984, showing an adjusted weekly benefit amount of $66.00. § 7(c) [D.C.Code § 48–108(c)]. *Exhibit 7*: Amended Notice of Reduction in Weekly Benefits because of Deductible Pension, dated June 19, 1984, showing an adjusted weekly benefit amount of $71.00. § 7(c) [D.C.Code § 46–108(c)].

also refer to the deduction of petitioner's pension from such unemployment benefits and state that the calculation entitles petitioner to partial benefits of $66.00 and $71.00, respectively. Exhibits 6 and 7 also include the same notice of the right to appeal as appears on the notice of ineligibility.

Because Exhibit 7 was dated a day after the notice of ineligibility and was signed by the same DOES official who had made the determination of ineligibility, we hold that the state of petitioner's claim was ambiguous as a matter of law. Under these circumstances, it would be reasonable for a person in petitioner's position to believe that she would receive weekly benefits of $71.00, or at least that her claim was still being actively processed. It follows that DOES has failed to give petitioner adequate notice of the Claims Examiner's decision and of her right to pursue an administrative appeal. *Cf. McCloskey & Co. v. Dickinson,* 56 A.2d 442, 444–45 (D.C.1947) (letters from employer informing employee of status of overtime pay claim which implied that employee would receive benefits lulled employee into inaction and estopped employer from pleading limitations).

██ In reaching our decision, we have looked only at the notices themselves and found that this case illustrates another defect[3] in the agency's notice practices which, we trust, will be promptly remedied. In addition, the form of notice of time to appeal is also defective here because the June 18 notice of ineligibility fails to specify whether the ten days are calendar days. *Ploufe, supra,* 497 A.2d at 466; D.C. Code § 1–1510(a)(3)(D). The June 18 notice states that an appeal must be filed in writing "within ten (10) days from the date shown above (date mailed or date delivered)." (Ex. 3); D.C. Code § 46–112(b) (1981). Therefore, under this alternative analysis, petitioner's appeal on June 29 was timely because she had ten working days to appeal.

Accordingly, we reverse and remand for a new hearing on the merits before the Appeals Examiner.

*Reversed and Remanded.*

---

**3.** *See, e.g., Bailey v. DOES,* 499 A.2d 1223 (D.C. 1985) (language in notice misleading as to whether an appeal may be accepted after the ten-day appeal period if the agency finds that there was good reason for the late filing); *Ploufe, supra* (failure of notice to specify whether ten days for appeal means business days or calendar days).