Nyals MONTGOMERY, Petitioner,

v.

DISTRICT OF COLUMBIA DEPART-
MENT OF EMPLOYMENT SER-
VICES, Respondent,

Southern Pan & Shoring Company,
et al., Intervenors.

No. 97–AA–418.

District of Columbia Court of Appeals.

Argued Nov. 10, 1998.

Decided Jan. 21, 1999.

Nyals Montgomery, pro se.

Alan D. Sundburg, Washington, DC, for
intervenors.

Jo Anne Robinson, Principal Deputy Cor-
poration Counsel, Charles L. Reischel, Depu-
ty Corporation Counsel, filed a statement in
lieu of brief for respondent.

Before STEADMAN, SCHWELB and
REID, Associate Judges.

REID, Associate Judge:

On November 10, 1995, a hearing examiner
for the Department of Employment Services
("DOES") issued a compensation order
awarding petitioner Nyals Montgomery tem-
porary total disability benefits and related
medical expenses from November 18, 1993
until November 23, 1993, but denying bene-
fits for any period thereafter, pursuant to the
District of Columbia Workers' Compensation
Act of 1979, as amended, D.C.Code § 36–301
*et seq.* (1997). Proceeding *pro se,* Mr. Mont-
gomery filed an application for review of the
compensation order with the Director of
DOES. The application, which is in the form
of a "To Whom It May Concern" letter, is
dated December 11, 1995. The Director de-
termined that Mr. Montgomery's application
for review was filed, "at the earliest, on
December 28, 1995," because of a handwrit-
ten notation by an unidentified employee that
the application for review was mailed in an
envelope bearing a postmark with that date.
Consequently, the Director dismissed the ap-
plication as well as Mr. Montgomery's subse-
quent motion for reconsideration, stating that
the appeal was filed "well more than the 30
day time limit in D.C.Code § 36–322(b)(2)."
Mr. Montgomery disputes the filing date of
his application for review, contending that it
"was mailed out on December 11, 1995." We
reverse and remand the case to the Director
for the purpose of making an authoritative
determination as to the filing date of Mr.
Montgomery's application for review.

## ANALYSIS

We are presented with the question of
whether Mr. Montgomery filed a timely ap-
peal under D.C.Code § 36–322(b)(2).[1] The

1. D.C.Code § 36–322(b)(2) specifically states in relevant part:

record contains troubling ambiguities. As already mentioned, the Director's finding that the appeal was not mailed until December 28 is based not on the envelope itself but rather on a handwritten notation by an unidentified employee. Nothing is said about any regular office practice or other basis for treating that notation as controlling in the face of a contrary assertion by Mr. Montgomery. Furthermore, Mr. Montgomery asserted, as the appeal rights notice required, that he mailed not only the original to the General Counsel, but also mailed a copy to the Chief, Hearing and Adjudication Staff, at a different address. No mention is made of this copy of the notice of appeal or what it might reveal as to timeliness. *Cf. District of Columbia v. Gramkow,* 722 A.2d 1252 (D.C. 1998) (filing demand for trial de novo from arbitration decision sufficient although filed in wrong division of Superior Court).

In addition, Mr. Montgomery's application for review, dated December 11, 1995, bears an agency receipt time/date stamp of January 17, 1996. The agency's acknowledgement of receipt notice, however, indicates that the application for review was *filed* with the office on December 28, 1995. Notwithstanding this discrepancy, the Director concluded in her order denying Mr. Montgomery's motion for reconsideration that his application for review was received in an envelope bearing a *postmark* of December 28, 1995. (Emphasis added.) The envelope containing the referenced postmark is not included in the record on appeal. A straight-forward interpretation of the Director's decision appears to suggest that the application was both mailed and received on the same day.[2]

In the absence of an authoritative finding by the Director with regard to these inconsistencies in the record, we cannot determine whether Mr. Montgomery's application for review was time barred. Furthermore, "we are compelled to conclude that the record before us with respect to [the date on which Mr. Montgomery filed his application for review] ... is simply inadequate to enable us to review it in any meaningful way." *Goodman v. District of Columbia Rental Hous. Comm'n,* 573 A.2d 1293, 1295 (D.C.1990). Thus, we reverse and remand this case to the Director.

In reaching our decision, we have only considered the numerous ambiguities and inconsistencies in the record with regard to the application's filing date. Nevertheless, we are also concerned with a defect in the compensation order's appeal rights notice. The agency fails to inform petitioners exactly what constitutes "filing," or to set forth the governing regulation.[3] The notice merely states the thirty day time frame for filing, but does not indicate whether "filing" refers to the mailing date or the actual receipt date by the agency.[4] We have held in cases arising under the unemployment insurance statute that "an ambiguous notice is inadequate as a matter of law to trigger the operation of the statutory time limitations within which to file an intra-agency appeal." *Lundahl v. District of Columbia Dep't of Employment Servs.,* 596 A.2d 1001, 1003 (D.C.1991) (citing *Ploufe v. District of Columbia Dep't of Employment Servs.,* 497 A.2d 464, 465–66 (D.C. 1985)). Although we need not decide this issue in this case, we trust that the defect

---

(a) A compensation order shall become effective when filed with the Mayor as provided in § 36–320, and, unless proceedings for the suspension or setting aside of such order are instituted as provided in subsection (b) of this section, shall become final at the expiration of the 30th day thereafter.

. . . .

(b)(2) ... Application for such review shall be made by any party within 30 days from the date a compensation order is filed as provided in § 36–320.

**2.** It may be, as discussed *infra,* that a particular concept of what constitutes "filing" underlies the

apparent discrepancy. This should be clarified in the remand.

**3.** *See* 7 DCMR § 228.2(a) and (b) (1986). These regulations appear to suggest that to be effective, a notice of appeal, if mailed, be sent by "registered or certified mail, return receipt requested."

**4.** The agency regulation dealing with the statutory time limit states that a party may seek agency review by "filing" an application for review. We note that the statute does not use that word but rather states simply that application for review shall be "made" by a party within thirty days. See note 1, *supra.*

will be promptly remedied.[5]  *See Cobo v. District of Columbia Dep't of Employment Servs.*, 501 A.2d 1278, 1280 (D.C.1985).

Accordingly, we reverse and remand this matter to the agency for an authoritative determination on the filing date of the application for review.

Reversed and remanded.

---

**5.** Also, the appeal rights notice which appears in the record is incomplete and thus incoherent in describing the manner in which an application for review is "perfected." In particular, to track the applicable regulation, 7 DCMR § 230.2, the phrase that now states, "that copies of mail or delivery, upon the opposing party (ies) and the Chief, Hearings and Adjudication Staff" should be changed to read: "that copies of the application and memorandum have been served, by mail or delivery, upon the opposing party and the Office."