Sidney ZOLLICOFFER, Jr., Petitioner,

v.

DISTRICT OF COLUMBIA PUBLIC
SCHOOLS, Respondent.

No. 97–AA–566.

District of Columbia Court of Appeals.

Submitted April 27, 1999.
Decided Aug. 5, 1999.

Sidney Zollicoffer, Jr., filed a brief pro se.

Jo Anne Robinson, Principal Deputy Corporation Counsel, Charles L. Reischel, Deputy Corporation Counsel, and Sheila Kaplan, Assistant Corporation Counsel, were on the brief for respondent.

Before STEADMAN, SCHWELB and REID, Associate Judges.

STEADMAN, Associate Judge.

A hearing officer of the District of Columbia Public Schools (DCPS) determined that petitioner Sidney Zollicoffer Jr. owed nonresident tuition in the amount of $6,048

for his son's attendance at a DCPS elementary school during the 1995–96 school year. Zollicoffer appealed to the Superintendent of Schools, who dismissed the appeal as untimely filed. The record before us is insufficient for us to determine the correctness of the Superintendent's ruling of untimeliness. We therefore remand the case to the Superintendent for further consideration of that issue and, if the appeal is determined to have been timely, for a review of the hearing officer's decision on the merits.

## I.

District of Columbia law provides that nonresident tuition must be paid for each child who attends a DCPS school and does not have a parent or guardian who "resides" in the District of Columbia, with certain exceptions not applicable here. D.C.Code § 31–602(a) (1998); 5 DCMR 2000.2 (1997). *See, e.g., Braddock v. Smith,* 711 A.2d 835 (D.C.1998). The regulations further set forth procedures for "Review of Contested Residency Cases." 5 DCMR § 2009 (1997).

On April 15, 1996, DCPS's Nonresident Tuition Enforcement Branch (the Branch) sent Zollicoffer a letter requesting proof of his District residency to assist in a determination of whether his son, Joshua, was eligible for tuition-free education at Randle Highlands Elementary School, where he was enrolled for the 1995–96 school year. Zollicoffer did not respond. DCPS sent Zollicoffer another letter requesting proof of residency on August 15, 1996, and on September 6, 1996, DCPS sent a letter to Zollicoffer stating that he had not established District residency and advising him that $6,048 was due for nonresident tuition

for Joshua's attendance at Randle Elementary during 1995–96.

Zollicoffer requested a hearing to contest the nonresident tuition determination. The hearing was held before a hearing officer on October 17, 1996. It is unnecessary for purposes of this appeal to set forth the conflicting evidence.[1] Suffice it to say that the hearing officer issued a decision, dated October 21, 1996, concluding that Zollicoffer was not a District resident and that he was liable for payment of nonresident tuition in the amount of $6,048.

Zollicoffer appealed the decision of the hearing officer in a letter dated December 2, 1996. In a letter dated March 5, 1997, the Superintendent dismissed Zollicoffer's appeal as untimely. The letter stated that the hearing officer's October 21, 1996 decision was mailed on October 28, 1996 and, allowing five days for receipt, the appeal was required to be filed on or before November 18, 1996. Appellant's letter of appeal, received on December 5, 1996, was thus determined to be untimely. Accordingly, the Superintendent did not reach the merits of the appeal.

Zollicoffer petitioned this court for review, arguing that his appeal to the Superintendent was timely because the dates relied on by the Superintendent were incorrect and that the hearing officer's decision was mailed to the wrong address.

## II.

Properly before us for review is a timely appeal to us taken by Zollicoffer from an order of the Superintendent dismissing on grounds of untimeliness an administrative appeal by Zollicoffer to the Superintendent.[2] "The time limits for fil-

---

1. We cannot but observe, however, that neither the hearing examiner's findings of fact, determination and rationale nor, regrettably, the District's summary of evidence in its brief to us mention the unannounced visit of a DCPS investigator to Zollicoffer's claimed District residence on September 24, 1996, where she reported that Zollicoffer was pres-

ent and that she "observed school uniforms that would fit a small child.... and a child's bike in the hall and other toys throughout the apartment."

2. Somewhat inexplicably, the District appears to consider that the merits of the hearing examiner's decision is before us, on the theo-

ing appeals with administrative adjudicative agencies, as with courts, are mandatory and jurisdictional matters." *District of Columbia Pub. Employee Relations Bd. v. District of Columbia Metro. Police Dep't*, 593 A.2d 641, 643 (D.C.1991). A failure to file a notice of appeal within the required time period divests the agency of jurisdiction to consider the appeal. *Thomas v. District of Columbia Dep't of Employment Servs.*, 490 A.2d 1162, 1164 (D.C.1985). "We have recognized, however, that a prerequisite to invoking this jurisdictional bar is the agency's 'obligation of giving notice which was reasonably calculated to apprise petitioner of the decision of the [hearing officer] and an opportunity to contest that decision through an administrative appeal.' " *Id.* (quoting *Gosch v. District of Columbia Dep't of Employment Servs.*, 484 A.2d 956, 957 (D.C.1984)).

The regulation then in effect regarding appeals of contested nonresident tuition cases to the Superintendent provided: "A decision adverse to the claimant may be appealed to the Superintendent of Schools by submitting a request for review in writing within ten (10) days of the receipt of the adverse decision." 5 DCMR § 2009.14 (1997).[3] The regulations do not further define any of these terms. Attached to a copy of the hearing officer's decision issued on October 21, 1996 was an appeal notice which differed somewhat from the applicable regulation. It stated:

> ry that the Superintendent's dismissal renders that decision the final decision of the agency. This, however, assumes the correctness of the dismissal order, from which the appeal actually was taken and which is the very issue before us for review. *See Nelson v. District of Columbia Dep't of Employment Servs.*, 530 A.2d 1193, 1196 (D.C.1987). At this point, we need not address whether, in the circumstances here, appellate court consideration of the merits of the dispute is available. We think review of the merits in any event is best left to the Superintendent in the first instance if the appeal to her was in fact timely.

**3.** The organic statute requiring payment of public school tuition by nonresidents says nothing about time limits for appeals or anything at all regarding specific procedures in

This determination is binding unless changed following an appeal to the Superintendent of Schools. An appealing party's written objections to the Hearing Officer's determinations must be received in the Student Hearing Office within 'ten (10) days of receipt of the Hearing Officer's written determination.

An agency's findings of fact and conclusions of law must be supported by "reliable, probative, and substantial evidence." D.C.Code § 1–1509(e) (1999). Thus, we examine whether there is reliable, probative, and substantial evidence in the record to support the Superintendent's finding that Zollicoffer's appeal was untimely. *See District of Columbia Public Employee Relations Bd., supra*, 593 A.2d at 643.

Zollicoffer argues that his appeal was in fact timely. First, he claims, the hearing officer's adverse written decision was not mailed on October 28, 1996 as stated in the Superintendent's letter, but rather not until November 12, 1996. Further, he asserts that the decision itself with its notice of appeal rights was only mailed to 1727—28th St., S.E. # 103, Washington, D.C. 20020, Zollicoffer's claimed previous address until October 1, 1996 when he and his son moved back to Maryland.[4] This move to Maryland is noted in the hearing officer's decision itself. Since the hearing officer's decision was sent to the wrong

contested residency cases. *See* D.C.Code §§ 31–601 to –606.

**4.** Zollicoffer's mailing situation was somewhat complicated. Throughout the period of his claimed residency in the District, Zollicoffer retained a post office box in Maryland and received mail there addressed to him at P.O. Box 1093, Laurel, Maryland 20725. The record shows that communications from DCPS were at times addressed and mailed to him there and at times to his claimed residency address at 1727—28th St., S.E. # 103, Washington, D.C. 20020. On at least one occasion after his claimed October 1 move back to Maryland, mail addressed to him at the latter address was forwarded to him at 9907 Goodluck Road # 101, Seabrook, Maryland 20706.

address, Zollicoffer says that he did not receive it until November 22, 1996.

The record before us is barren of any evidence that the hearing officer's decision was mailed to Zollicoffer on October 28 or of the address to which the decision was mailed. There is no certificate of mailing or other such document. The only items in the record are two envelopes, both postmarked November 12, 1996, and sent by certified mail, one addressed to Zollicoffer at his District address and the other to him at his Maryland post office box.[5] There is no clear indication of the contents of either envelope.

■ In administrative matters, an agency is charged with "giving notice which was reasonably calculated to apprise [a party] of the decision ... and an opportunity to contest that decision ...." *Gosch, supra,* 484 A.2d at 957. As already indicated, the regulations of DCPS measure the allowable appeal period from the time of "the receipt of the adverse decision." If in fact Zollicoffer did not receive the decision until the claimed date of November 22,[6] that would appear to be the date upon which his appeal time of "ten (10) days" began to run.

Zollicoffer asserts that he mailed his appeal letter to the Superintendent on December 2, 1996 and that the certified return receipt shows it was received on December 4, 1996. DCPS date stamped the appeal letter, which is dated December 2, as received on December 5, 1996.[7] There is no other evidence in the record or any finding about Zollicoffer's assertions with respect to his appeal letter.

The District argues in its brief that, even assuming that Zollicoffer received the hearing officer's determination on November 22, 1996, his appeal was still untimely. Although not explicitly stated, the District's argument seems to rest on the assumption that the ten "days" referred to in the regulation means ten calendar days and that the appeal must be received by DCPS within that period.[8] However, neither the regulation nor the notice attached to the hearing officer's decision specifies whether "days" means ten calendar days, ten business days, or even (although nothing in this particular appeal appears to turn on the difference) ten school days.[9]

5. Zollicoffer asserts that the envelope sent to his Maryland post office box, which he received on November 13, 1996, contained only the payment notice letter dated November 7, 1999, which appears in the record. That one-page letter states that the hearing officer on October 21, 1996 had upheld the Nonresident Tuition Enforcement Branch's determination that he owed nonresident tuition for his son for the 1995–96 school year and requests payment. The letter itself contains no details of the decision nor does it make any mention of any appeal rights. The letter indicates that it had "enclosures" but does not specify what those enclosures were.

The return address on the envelope addressed to Zollicoffer at the District address states that it is from "D.C. Public Schools Student Hearing Office." The return address on the envelope addressed to the Maryland post office box states that it is from the "District of Columbia Public Schools Office of Educational Accountability Nonresident Tuition Enforcement Branch."

6. This assumes that Zollicoffer did not contribute to the delay in receipt, the effect of which we do not explore further here.

7. The timeliness of the appeal does not appear to turn on which of these two dates the appeal was actually received by DCPS.

8. November 22, 1996 was a Friday. Ten calendar days after that would be Monday, December 2, the day on which Zollicoffer asserts he mailed the appeal letter. Ten business days after November 22, 1996 would be December 6, 1996 (including the Thanksgiving holiday).

9. Superintendent's letter dismissing Zollicoffer's appeal indicates that a business or school day concept was used. The letter stated that the determination was mailed on October 28 and, allowing five days for receipt, the appeal was required to be filed on or before November 18. Weekends must be excluded from the day count to reach this result. The source of the Superintendent's assertion that "receipt" can be conclusively presumed from the passage of a certain time after mailing does not appear anywhere in the regulations.

Subsequent amendment to the regulation has cleared up the ambiguity as to the defini-

We have previously held that such ambiguity of notice to the petitioner regarding the length of the appeal period renders the notice "inadequate as a matter of law" to trigger the operation of the statutory time limitation. *Ploufe v. District of Columbia Dep't of Employment Servs.*, 497 A.2d 464, 466 (D.C.1985) (citing D.C.Code § 1–1510(a)(3)(D)). *See also, Lundahl v. District of Columbia Dep't of Employment Servs.*, 596 A.2d 1001, 1003 (D.C.1991); *Cobo v. District of Columbia Dep't of Employment Servs.*, 501 A.2d 1278, 1280 (D.C. 1985). Interpreting "days" to mean school days or business days, DCPS's receipt of Zollicoffer's appeal on December 5, 1996 was within ten days of his asserted receipt of the determination on November 22, 1996.[10]

Given the present state of the record, we must remand the case for further consideration of the issue of timeliness, with any necessary factfinding. *See Montgomery, supra* note 10, 723 A.2d at 400; *Lundahl, supra*, 596 A.2d at 1003; *Nelson, supra* note 2, 530 A.2d at 1196. We reiterate that there is no record evidence that the hearing officer's decision was mailed to Zollicoffer on October 28, 1996, and the envelopes in the record postmarked November 12 belie this claim. Further, on appeal the District has not disputed Zollicoffer's contention that the decision was mailed only to an address at which, as DCPS knew, Zollicoffer no longer resided.[11] The apparent negligence of DCPS has made it difficult to fix the date on which Zollicoffer received his copy of the hearing officer's decision. Under these circumstances, on remand, Zollicoffer's testimony as to when he received the decision should be presumed to be correct unless DCPS can demonstrate to the contrary. If the Superintendent determines on remand that the appeal was in fact timely, she should proceed to address the merits of the appeal.

*So ordered.*

tion of days. The relevant regulation now states:

> 2009.3 Requests for review of contested residency cases must be filed in the required time period, within ten (10) *school* days of the issuance of the decision, by an adult student, or minor student's parent, guardian, or other responsible adult with the Superintendent or the Superintendent's designee. If a request for review is not filed within a timely manner, then the decision by the Superintendent or the Superintendent's designee is the final administrative decision of D.C. Public Schools.

45 D.C.Reg. 2332 (1998) (emphasis added). Under the revised regulations, no right to a hearing appears to be any longer provided for in cases of disputed nonresidency determinations. *See id.* The meaning of the final sentence in the revised regulation set forth above is unclear: it would seem that if an appeal to "the Superintendent or the Superintendent's designee" is untimely, there is no "decision" by such entities that can become final. The only reference to a final decision in the regulations existing at the time of the instant proceedings was in 5 DCMR § 2009.16, which stated: "The decision of the Superintendent shall be the final and binding decision of the D.C. Public Schools."

10. Although we need not reach this issue in this case, at least at this point, we note another ambiguity in the appeal regulation in that the word "submitting" is not clearly defined; that is, it is not clear whether it refers to the mailing date or the actual date of receipt. *See Montgomery v. District of Columbia Dep't of Employment Servs.*, 723 A.2d 399, 400 (D.C. 1999) (noting as a "defect" that the appeals notice provision did not make clear whether the term "filing" referred to the mailing date or the actual date of receipt by the agency). As indicated above, the notice of appeal attached to the determination in this case states that the notice of appeal must be "received" within the ten day period, in contrast to the regulation's use of the word "submitting ."

11. The November 7, 1996 letter apprising Zollicoffer of the amount of tuition allegedly owed was apparently mailed to Zollicoffer at his P.O. Box in Maryland. Testimony may be necessary to determine whether the hearing officer's decision was an enclosure to this letter.