**D.C. WATER AND SEWER AUTHORITY and GALLAGHER BASSETT SERVICES, INC., Petitioners,**

v.

**DISTRICT OF COLUMBIA DEPARTMENT OF EMPLOYMENT SERVICES, Respondent,**

and

**Lucille Washington, Intervenor.**

No. 03–AA–471.

District of Columbia Court of Appeals.

Submitted Jan. 20, 2004.

Decided March 4, 2004.

Douglas A. Datt was on the brief for petitioners.

Benjamin T. Boscolo was on the brief for intervenor.

Robert J. Spagnoletti, Corporation Counsel, and Edward E. Schwab, Acting Deputy Corporation Counsel, filed a statement in lieu of brief for respondent.

Before STEADMAN, RUIZ and WASHINGTON, Associate Judges.

RUIZ, Associate Judge:

Petitioners, D.C. Water and Sewer Authority and Gallagher Bassett Services, Inc., petition for review of a decision of the director of the District of Columbia Department of Employment Services (DOES) dismissing as untimely their application for

review of a disability compensation order awarding permanent partial disability benefits to claimant/intervenor, Lucille Washington. Petitioners contend that the director's order was in error because they correctly relied on the date of appeal as stated on the Errata Order issued by the administrative law judge subsequent to the compensation order. Because we agree with petitioners that the director erred in dismissing their application for review as untimely, we reverse and remand.

On February 12, 2003, Administrative Law Judge Karen R. Calmeise issued a compensation order awarding claimant sixteen percent permanent partial disability resulting from injury to her right lower leg. The compensation order included a section on "Appeal Rights" which stated that any party aggrieved by the order may file an application for review with the director, and that such application must be filed within thirty days of the order. Accordingly, the application for review would have been due on March 14, 2003. However, on March 11, 2003, the administrative law judge issued an Errata Order indicating that the title page of the February 12, 2003 compensation order erroneously identified the case number before the Office of Worker's Compensation. The Errata Order also stated that "[t]he application for review must be filed within thirty days of the filing of this errata," making the application for review due on April 10, 2003. Petitioners filed an application for review on March 21, 2003.

On March 30, 2003, claimant/intervenor filed a motion to dismiss the application for review as having been filed more than thirty days from the date of the compensation order. In their opposition, petitioners noted that they had relied on the adminis-

trative law judge's subsequent Errata Order, which gave the parties until April 10, 2003 to file an application for review. In dismissing the application for review as untimely, the director noted that pursuant to the original compensation order, employer had until March 14, 2003 to file an application for review, and dismissed the application as untimely pursuant to D.C.Code § 32–1522(b)(2) (2001)[1] without addressing petitioners' reliance on the Errata Order or the merits of the application for review. Petitioners filed a timely petition for review of the director's decision with this court.

## II.

Petitioners maintain that their application for review filed on March 21, 2003 was timely based on the Errata Order issued by the administrative law judge on March 11, 2003, which specifically provided that "[t]he application for review must be filed within thirty days of the filing of this errata," or April 10, 2003. Although we agree with the director that D.C.Code § 32–1522(b)(2) provides that applications for review by the director "shall" be filed within thirty days of the compensation order, we held in *Ploufe v. District of Columbia Dep't of Employment Servs.*, 497 A.2d 464 (D.C.1985), that "a prerequisite to invoking this jurisdictional bar is the agency's 'obligation of giving notice which was reasonably calculated to apprise petitioner of the decision of the claims deputy and an opportunity to contest that decision through an administrative appeal.'" *Id.* at 465 (quoting *Thomas v. District of Columbia Dep't of Employment Servs.*, 490 A.2d 1162, 1164 (D.C.1985)). In *Ploufe*, a notice ambiguous as to the length of the appeal period was held to be inadequate as a

1. Section 32–1522(b)(2) states in pertinent part that "[t]he Mayor is authorized to establish an administrative procedure for review of compensation orders raising a substantial question of law or fact. Application for such review shall be made by any party within 30 days from the date a compensation order is filed as provided in § 32–1520."

matter of law to trigger the operation of the statutory time period within which to file an intra-agency appeal. *See id.* at 466. Separate appeal notices by the agency, even though related to claims under different sections of the District of Columbia Unemployment Compensation Act, also have been found to be ambiguous as a matter of law where the claimant reasonably could have believed the time to appeal had not run. *See Cobo v. District of Columbia Dep't of Employment Servs.,* 501 A.2d 1278, 1280 (D.C.1985). Here, the administrative law judge's Errata Order issued on March 11, 2003 was not ambiguous nor confusing, but expressly gave the parties thirty days from the date of the Errata Order to file an application for review. Petitioners relied on that order. As a result, petitioners should not have been foreclosed from consideration of their appeal. *See id.* (finding petition timely under terms of subsequent notice).

Accordingly, we reverse the decision of the director and remand for a disposition on the merits.

*So ordered.*