**Harold D. McDOWELL, Petitioner,**

v.

**SOUTHWEST DISTRIBUTION, Respondent.**

**No. 05–AA–626.**

District of Columbia Court of Appeals.

Submitted Feb. 1, 2006.

Decided May 25, 2006.

Harold D. McDowell, filed a brief pro se.

Ronald Bergman, was on the brief for respondent.

Before REID and FISHER, Associate Judges, and STEADMAN, Senior Judge.

FISHER, Associate Judge:

Petitioner's claim for unemployment benefits was denied, but the merits of that decision are not before us. When he sought administrative review, the Office of Administrative Hearings ("OAH") concluded that petitioner's request for a hearing had not been timely filed, and dismissed for lack of jurisdiction. We remand for further consideration.

**I. Procedural Background**

On March 31, 2005, William Anderson, a Claims Examiner with the Office of Unemployment Compensation, Department of Employment Services, denied Mr. McDowell's claim for unemployment benefits, concluding that he was ineligible because he had been discharged for gross misconduct. *See* D.C.Code § 51–110(b)(1) (2001). Mr. Anderson signed a certificate of service stating that on April 4, 2005, a copy of the determination was mailed to Mr. McDowell. Any request for an administrative appeal would have been due ten days later. D.C.Code § 51–111(b). Mr. McDowell did not request a hearing until April 22, and an Administrative Law Judge ordered him to show cause why his

appeal should not be dismissed as untimely.

In response, Mr. McDowell asserted that when he had not received a decision within the time predicted, he made inquiry by telephone. A Mr. Carter told McDowell that his claim had been denied, but that he "should wait to receive the determination letter in the mail before filing an appeal." When the decision did not arrive by April 9, he attempted to contact Mr. Anderson. They finally spoke on April 13, 2005, and McDowell explained that he had never received a determination letter. Mr. McDowell alleges that Anderson agreed to fax the decision to him and to mail another copy. At least part of this account is corroborated by the record, which contains a fax cover sheet from Mr. Anderson dated April 13, 2005, and addressed to Mr. McDowell. In addition, a copy of the Determination By Claims Examiner bears the handwritten notation "Sent 4–13–05" followed by what appear to be the initials of Mr. Anderson.

Mr. McDowell also alleged that Mr. Anderson "stated that the letter must have gotten lost in the mail, and that he would update my copy to reflect the date of 4/13/05." In a "Corrected Copy" of his response to the show cause order, Mr. McDowell added: "[Mr. Anderson] also represented that Office of Administrative appeals will honor the update."[1] In a submission to this court, petitioner elaborated: "[Mr. Anderson] continued by stating that I will have until 4/23/05 to file an appeal and that he would mail me a copy immediately."

In a Final Order issued on May 20, 2005, OAH concluded that the administrative appeal was untimely and dismissed it for lack of jurisdiction. This appeal followed.

## II. Ambiguous Notice?

In dismissing the administrative appeal, OAH relied upon cases which hold that "[t]he ten day period provided for ... appeals under the Unemployment Compensation Act ... is jurisdictional, and failure to file within the period prescribed divests the agency of jurisdiction to hear the appeal." *Lundahl v. District of Columbia Dep't of Employment Servs.*, 596 A.2d 1001, 1002 (D.C.1991). However, we frequently have explained that "a prerequisite to the jurisdictional bar is notice to the claimant of the decision and of any right to an administrative appeal of the decision." *Id.* at 1003. Moreover, "[w]e have held in cases arising under the unemployment insurance statute that 'an ambiguous notice is inadequate as a matter of law to trigger the operation of the statutory time limitations within which to file an intra-agency appeal.'" *Montgomery v. District of Columbia Dep't of Employment Servs.*, 723 A.2d 399, 400 (D.C.1999) (citations omitted).[2] *See also Zollicoffer v. District of Columbia Pub. Schools*, 735 A.2d 944, 948 (D.C.1999) (applying principle to an intra-agency appeal to the Superintendent of Public Schools).

In some instances we have held that a written notice of appeal rights was ambiguous. *See, e.g., Zollicoffer*, 735 A.2d at 947 (failure of notice and regulations to explain whether "ten days" means ten calendar

1. This document was submitted to us by Mr. McDowell, but it is not contained in the record certified by OAH. We cannot determine from the record before us whether this "Corrected Copy" had been received by OAH before the appeal was dismissed as untimely.

2. Now that OAH conducts the second-level review, it technically no longer is an "intra-agency appeal." This change in procedure makes no substantive difference, however. The question remains whether an ambiguous notice of appeal rights "is inadequate as a matter of law to trigger the operation of the statutory time limitations within which to file" the appeal. *Montgomery*, 723 A.2d at 400.

days, ten business days, or ten school days); *Montgomery,* 723 A.2d at 400 (failure of notice to explain what constitutes "filing"); *Cobo v. District of Columbia Dep't of Employment Servs.,* 501 A.2d 1278, 1280 (D.C.1985) (failure to specify whether "ten days" means calendar days); *Ploufe v. District of Columbia Dep't of Employment Servs.,* 497 A.2d 464, 465 (D.C.1985) (notice did not state that "ten days" meant ten calendar days as opposed to ten business days). In other cases, we have concluded that sending multiple notices created ambiguity (even when they related to legally distinct claims). *See, e.g., Lundahl,* 596 A.2d at 1002 ("confusion created by ... two separate notices of appeal rights sent to her by DOES in less than one week"); *Cobo,* 501 A.2d at 1280. Most importantly for present purposes, we have also held that ambiguity was compounded when employees of the administrative agency gave erroneous oral or written advice to the claimant. *See, e.g., Selk v. District of Columbia Dep't of Employment Servs.,* 497 A.2d 1056, 1058 (D.C. 1985) (DOES employee assured claimant that ten-day period for appeal meant ten business days); *Ploufe,* 497 A.2d at 465 ("Petitioner's confusion was compounded when, before 10 calendar days had passed, she called DOES to clarify [the time limit for appeal] and was told by an employee that 'day' indeed meant 'work day.'"). *Cf. Thompson v. District of Columbia Dep't of Employment Servs.,* 848 A.2d 593, 594 (D.C.2004) (complaint of erroneous advice provided by Department of Employment Services Office of the General Counsel; issue not preserved for appeal).

We recently revisited this issue in *D.C. Water & Sewer Auth. v. District of Columbia Dep't of Employment Servs.,* 843 A.2d 750 (D.C.2004). In that case an ALJ had issued an order on February 12, 2003, awarding worker's compensation to the claimant. A section of the order explained that an application for review would have to be filed within thirty days. Thus, the application would have been due on or before March 14, 2003. However, on March 11, 2003, the ALJ issued an errata order which corrected the case number and "also stated that 'the application for review must be filed within thirty days of the filing of this errata,' making the application for review due on April 10, 2003." *Id.* at 751. The petitioners filed their application for review on March 21, 2003.

The Director of the Department of Employment Services dismissed the application for review as untimely, but we reversed and remanded for a disposition on the merits. After summarizing our holdings in *Ploufe* and *Cobo* about ambiguous notices of appeal rights, we chose not to rely on mere ambiguity:

> the administrative law judge's Errata Order issued on March 11, 2003 was not ambiguous nor confusing, but expressly gave the parties thirty days from the date of the Errata Order to file an application for review. Petitioners relied on that order. As a result, petitioners should not have been foreclosed from consideration of their appeal.

843 A.2d at 752.

We also granted relief in *Selk,* which involved a claim for unemployment benefits. In that case a disappointed claimant "telephoned DOES to ask whether the ten days she had in which to note her appeal referred to calendar days or business days." 497 A.2d at 1057. An employee informed her that ten days meant business days and that the Tuesday after Labor Day was her deadline for filing an appeal. She filed in person on that date, but DOES later denied her appeal as untimely. *Id.* at 1058.[3] We held that the notice to petition-

---

3. Inconsistently, however, DOES gave Ms.

Selk a "courtesy" hearing and also ruled

er was so ambiguous as to render it inadequate as a matter of law and that the agency had jurisdiction to consider the appeal. *Id.*

In its Final Order in this case OAH emphasized that "[h]ad Appellant mailed or hand-delivered his appeal request by April 14, 2005, the day after he admits he actually received the Claims Examiner's Determination, his appeal would have been timely, in any event." Final Order at 2 n. 1. This observation is undoubtedly accurate. However, it fails to consider the actions and alleged accompanying statements of the Claims Examiner on April 13, as well as the advice allegedly given by Mr. Carter some days earlier. The action of the Claims Examiner in faxing a copy of his original determination with the notation "sent 4–13–05" in itself created some possible ambiguity as to whether the determination itself was being reissued to begin the time period anew. Further, if it is true, as McDowell clearly implied in his response to the Order to Show Cause and has stated more directly to us, that Mr. Anderson (not some anonymous staffer but the decision maker himself) told him the ten-day period for taking an appeal would run anew from April 13, then his case falls squarely within our holding in *Selk.*

### III. A Remand Is Required

The record is insufficient for us to rule whether the application for review was timely. Although OAH recited some of these facts in its Final Order, it did not determine whether Mr. McDowell's representations were true. As we did in *Zollicoffer* and *Lundahl,* we therefore reverse

and remand for an appropriate hearing and further consideration of the issue of timeliness. At a minimum, OAH should hear from Mr. McDowell, Mr. Carter, and Claims Examiner Anderson. In particular, OAH should determine whether Claims Examiner Anderson told Mr. McDowell that he would have ten days from April 13 to file his appeal. If so, OAH shall treat the appeal as timely and proceed to consider the merits of Mr. McDowell's claim.[4]

*So ordered.*

---

against her on the merits.

4. We have on occasion applied "a very narrow equitable exception to rigorous filing requirements" known as the "unique circumstances" or "lulling" doctrine. *Kamerow v. District of Columbia Rental Hous. Comm'n,* 891 A.2d 253, 258 (D.C.2006). *See also Frazi-* er *v. Underdue–Frazier,* 803 A.2d 443, 444–45 (D.C.2002); *Frain v. District of Columbia,* 572 A.2d 447, 450–52 (D.C.1990). Given our disposition of this appeal, we have not considered whether this similar but distinct doctrine applies to the facts and circumstances of this case.