Lee'Anthony CALHOUN, Petitioner,

v.

WACKENHUT SERVICES, Respondent.

No. 05–AA–481.

District of Columbia Court of Appeals.

Submitted March 14, 2006.

Decided July 20, 2006.

Lee'Anthony Calhoun, filed a brief pro se.

Before: FARRELL and FISHER, Associate Judges, and SCHWELB, Senior Judge.*

FISHER, Associate Judge:

Appellant's claim for unemployment benefits was denied, but the merits of that decision are not before us. When he sought review, the Office of Administrative Hearings ("OAH") concluded that appellant's request for a hearing had not been timely filed and dismissed his administrative appeal for lack of jurisdiction. *See* D.C.Code § 51–111(b) (2001) (establishing ten-day time limit for administrative appeal from initial determination awarding or denying unemployment benefits). We re-

verse and remand for consideration of the merits.

## I. Procedural Background

On April 13, 2005, a Claims Examiner with the Office of Unemployment Compensation, Department of Employment Services, denied Mr. Calhoun's claim for unemployment benefits, concluding that he was ineligible because he had been discharged from his job for gross misconduct. *See* D.C.Code § 51–110(b)(1) (2001). A certificate of service states that a copy of the determination was mailed to him that same day.

Subsequent events are described in the Findings of Fact portion of the Final Order issued by OAH:

Appellant contacted the Department of Employment Services ("DOES") regarding his determination and how to appeal the determination. On April 19, 2005, DOES faxed Appellant the Office of Administrative Hearings "Request For Hearing To Appeal A Determination Of A Claims Examiner In An Unemployment Insurance Matter" form and the fax number for this administrative court. DOES did not inform Appellant that he was required to mail in a hard copy of the appeal. Appellant completed the form and faxed it to this administrative court. Appellant later called a clerk in this administrative court to see if his appeal had been received. The clerk informed him that his appeal faxed on April 19, 2005, had been received. The clerk did not inform him about the requirement to file a hard copy of the appeal. No hard copy of the appeal was ever filed with this administrative court.

"[T]he requirement to file a hard copy" refers to OAH Rule 2810.2 (1 DCMR

---

* Judge Schwelb was an Associate Judge at the time this case was submitted. His status changed to Senior Judge on June 24, 2006.

§ 2810.2), which at that time stated as follows:

> Unless otherwise provided by statute or these Rules, documents may be faxed to this administrative court in a manner prescribed by the Clerk, and any such document shall be considered filed as of the date the fax is received, *provided that a hard copy is filed with the Clerk within three (3) business days of the transmission* (emphasis added).[1]

In its Final Order OAH reasoned that "[s]ince this administrative court did not receive a hard copy of Appellant's appeal, it must treat this appeal as never having been filed."[2] OAH does not dispute that it received the request for a hearing on April 19, well before the time for appeal expired on April 25.

## II. Ambiguous Notice

In dismissing the administrative appeal, OAH relied upon cases which hold that "[t]he ten day period provided for ... appeals under the Unemployment Compensation Act ... is jurisdictional, and failure to file within the period prescribed divests the agency of jurisdiction to hear the appeal." *Lundahl v. District of Columbia Dep't of Employment Servs.*, 596 A.2d 1001, 1002 (D.C.1991). However, we frequently have explained that "a prerequisite to the jurisdictional bar is notice to the claimant of the decision and of any right to an administrative appeal of the decision." *Id.* at 1003. Moreover, "[w]e have held in cases arising under the unemployment insurance statute that 'an ambiguous notice is inadequate as a matter of law to trigger the operation of the statutory time limitations within which to file an intra-agency appeal.'"[3] *Montgomery v. District of Columbia Dep't of Employment Servs.*, 723 A.2d 399, 400 (D.C.1999) (citations omitted). *See also McDowell v. Southwest Distribution*, 899 A.2d 767 (D.C.2006).

In some instances we have held that a written notice of appeal rights was ambiguous. *See, e.g., Zollicoffer v. District of Columbia Public Schools*, 735 A.2d 944, 947 (D.C.1999) (failure of notice and regulations to explain whether "ten days" means ten calendar days, ten business days, or ten school days); *Montgomery,*

---

1. This rule was amended after the Final Order in this case was issued. It currently provides:

   > Unless otherwise provided by statute or these Rules, documents may be faxed to this administrative court in a manner prescribed by the Clerk, and any such document shall be considered filed as of the date the fax is received by the Clerk. Any incomplete or illegible fax will not be considered unless a hard copy of the fax is filed, or a complete and legible fax is received, within three (3) business days of the first transmission.

   The requirement to file a hard copy now applies only when the faxed version is "incomplete or illegible." We refer to this amended rule for informational purposes only, and do not apply it retroactively to the request for a hearing filed in this case before the new rule was adopted on June 16, 2005.

2. The ALJ explained the reason for this rule: "This administrative court requires a filing of the hard copy of a jurisdictional document in particular, in order to avoid the situation where a party claims to have transmitted a fax but none was received. *See Wright v. American Iron and Steel Institute*, OAH No. ES–P–05–100922 (Final Order, March 1, 2005) and *Johnson* and *Anthony v. D.C. Dep't of Human Services*, OAH No. HS–P–04–200018 (Final Order, March 7, 2005)."

3. Now that OAH conducts the second-level review, it technically no longer is an "intra-agency appeal." This change in procedure makes no substantive difference, however. The question remains whether an ambiguous notice of appeal rights "is inadequate as a matter of law to trigger the operation of the statutory time limitations within which to file" the appeal. *Montgomery,* 723 A.2d at 400.

723 A.2d at 400 (failure of notice to explain what constitutes "filing"); *Cobo v. District of Columbia Dep't of Employment Servs.*, 501 A.2d 1278, 1280 (D.C.1985) (failure to specify whether "ten days" means calendar days); *Ploufe v. District of Columbia Dep't of Employment Servs.*, 497 A.2d 464, 465 (D.C.1985) (notice did not state that "ten days" meant ten calendar days as opposed to ten business days). In other cases we have concluded that sending multiple notices created ambiguity (even when they related to legally distinct claims). *See, e.g., Lundahl*, 596 A.2d at 1002 ("confusion created by ... two separate notices of appeal rights sent to her by DOES in less than one week"); *Cobo*, 501 A.2d at 1280. Most importantly for present purposes, we have also held that ambiguity was compounded when employees of the administrative agency gave erroneous oral or written advice to the claimant. *See, e.g., Selk v. District of Columbia Dep't of Employment Servs.*, 497 A.2d 1056, 1058 (D.C.1985) (DOES employee assured claimant that ten day period for appeal meant ten business days); *Ploufe*, 497 A.2d at 465 ("Petitioner's confusion was compounded when, before 10 calendar days had passed, she called DOES to clarify [the time limit for appeal] and was told by an employee that 'day' indeed meant 'work day.'").

We granted relief in *Selk*, which involved a claim for unemployment benefits. In that case a disappointed claimant "telephoned DOES to ask whether the ten days she had in which to note her appeal referred to calendar days or business days." 497 A.2d at 1057. An employee informed her that ten days meant business days and that the Tuesday after Labor Day was her deadline for filing an appeal. She filed in person on that date, but DOES later denied her appeal as untimely. *Id.* at 1058.[4] We held that the notice to petitioner was so ambiguous as to render it inadequate as a matter of law and that the agency had jurisdiction to consider the appeal. *Id.* *See also McDowell v. Southwest Distribution*, 899 A.2d 767 (D.C.2006) (remanding for an evidentiary hearing on the issue of jurisdiction).

Because it "treat[ed] this appeal as never having been filed," OAH in effect ruled that petitioner had failed to comply with the ten-day deadline. We conclude that this ruling was erroneous for two reasons. It failed to recognize the ambiguity created by misleading written and oral advice about appeal rights, and it mistook procedural irregularities for jurisdictional defects.[5]

■ Under the line of cases discussed above, the information provided (and the information omitted) by DOES rendered ambiguous the notice of how to perfect an appeal. The explanation attached to the determination letter informed Mr. Calhoun that his notice of appeal "may be mailed" to a certain address or that he "may file a

**4.** Inconsistently, however, DOES gave Ms. Selk a "courtesy" hearing and also ruled against her on the merits.

**5.** It is true that OAH considered whether the "unique circumstances" doctrine applied to these unusual facts. *See Frazier v. Underdue–Frazier*, 803 A.2d 443, 444 (D.C.2002). It rejected that possibility, reasoning that "the doctrine is limited to judicial actions or statements, which are matters of record. It does not extend to misinformation provided by nonjudicial court personnel." Final Order at 5 (citing *Frazier*, 803 A.2d at 444–45). Moreover, the ALJ elaborated, "it would stand to reason that the doctrine definitely would not extend to an employee of a separate agency outside of this administrative court." Given our disposition of this appeal, we need not decide whether OAH properly construed the "unique circumstances" doctrine.

request for a hearing in person."[6] However, in responding to Mr. Calhoun's inquiry about how to perfect an appeal, DOES sent him a form to use in requesting a hearing. Prominently displayed in the upper right hand corner of that form is a pre-printed box "for official use only." That box contains three options for recording how the request for a hearing was received: by mail, by hand, or by fax. In combination, these documents suggested that Mr. Calhoun had the option of filing his notice of appeal by facsimile transmission. Moreover, in the colloquy summarized above, the DOES clerk clearly offered Mr. Calhoun that option. However, so far as the record provided by OAH reveals, Mr. Calhoun was never told, either orally or in writing, that if he chose to file his request by fax he also was obligated to file a hard copy within three business days of the transmission. Thus, the combined written and oral advice of appeal rights given to appellant was ambiguous and inadequate as a matter of law to raise the jurisdictional bar.

### III. Jurisdictional Prerequisites Were Satisfied

■ In any event, petitioner clearly and unambiguously informed OAH of his intention to appeal, and he did so within the ten-day period provided by law. OAH acknowledges receiving the fax on the day it was sent, and there is no suggestion that the document was incomplete or illegible. *See* notes 1 and 2, above. Under these circumstances, the *jurisdictional* prerequisites of the statute were satisfied. Failure to comply with the additional requirements

of the OAH Rule did not deprive that body of jurisdiction.

The Supreme Court and this court have held that providing timely notice of intention to appeal may be sufficient to meet jurisdictional demands, even if the petitioner or appellant has not fulfilled all the procedural requirements of the applicable rules. For example, in *Montgomery v. Docter, Docter & Salus, P.C.*, 578 A.2d 176 (D.C.1990), the appellant had filed a timely notice of appeal, but she did not pay the filing fee or include the number of copies required by the rules. By the time she remedied those defects, the time for noting an appeal had expired. This court declined to dismiss the appeal, however. Adopting the holding of *Parissi v. Telechron, Inc.*, 349 U.S. 46, 75 S.Ct. 577, 99 L.Ed. 867 (1955), we held that the notice of appeal was timely filed even though the filing fee had not been paid at the same time. We also concluded that, although the requirement to file extra copies is "essential to the processing of an appeal, it is not a jurisdictional prerequisite." 578 A.2d at 177–78. Similarly, in *Moore Energy Res., Inc. v. Public Serv. Comm'n*, 785 A.2d 300, 304 (D.C.2001), we recognized that "certain requirements for filing a notice of appeal or petition for review are not jurisdictional prerequisites." We deemed "irrelevant" the fact that the petitioner had cured an irregularity with respect to signatures after the time for filing a petition had expired. *Id.* at 306.

The Supreme Court also has held that it is not always necessary to comply literally with rules in order to meet jurisdictional

---

**6.** Interestingly, the notice of appeal rights furnished to us does not inform appellant that he has 10 days in which to appeal. *See* D.C.Code § 51–111(b). It appears, however, that the pertinent page of the record may be an incomplete copy of the notice given. For purposes of resolving this appeal we will assume that we have been given an incomplete record and that the notice sent to appellant did in fact inform him that he had ten days to request a hearing. As explained in this opinion, appellant made his intention to appeal known within that time limit.

prerequisites. In *Smith v. Barry*, 502 U.S. 244, 112 S.Ct. 678, 116 L.Ed.2d 678 (1992), it held that "a document intended to serve as an appellate brief may qualify as the notice of appeal required by Rule 3 [of the Federal Rules of Appellate Procedure]." *Id.* at 245, 112 S.Ct. 678. In that case it happened that the appellant had filed an informal brief within the time for noting an appeal. The Court concluded that "[i]f a document filed within the time specified by Rule 4 gives the notice required by Rule 3, it is effective as a notice of appeal." *Id.* at 248-49, 112 S.Ct. 678.

### IV. Petitioner's Administrative Appeal Was Timely

■ In this case we do not need to remand for an evidentiary hearing on the question of jurisdiction. Based on the facts found by the ALJ, ambiguous notice of his appeal rights led appellant reasonably to believe that he had done all he needed to do in order to perfect his administrative appeal.[7] Moreover, OAH acknowledges that it received his faxed request for a hearing within the time allowed. OAH therefore erred by dismissing appellant's administrative appeal as untimely.

We should not be understood as holding that a court or agency *must* allow notices of appeal to be filed by facsimile transmission. *Cf. United States v. Clay*, 925 F.2d 299, 301 (9th Cir.1991) (exercising discretion and treating clerk's timely receipt of facsimile as "the functional equivalent of filing notice of appeal"), *effectively over-*

ruled on other grounds by *Gozlon–Peretz v. United States*, 498 U.S. 395, 111 S.Ct. 840, 112 L.Ed.2d 919 (1991), *as recognized in Rodriguera v. United States*, 954 F.2d 1465, 1469 (9th Cir.1992). However, when the rules do permit such filing and when, as here, it is acknowledged that the notice was received within the time limits provided by law, the jurisdictional requirements of the statute have been satisfied.

For the reasons discussed, the decision of OAH is reversed and this case is remanded with instructions to treat the administrative appeal as timely and to consider the merits of petitioner's claim for unemployment benefits.

*So ordered.*

---

**7.** In his *pro se* brief submitted to this court, appellant explained that "[a]fter [I filled out the paper and faxed it back] I called her[ ] back to see if she received the fax and she replied that she had received it and I asked her[ ] if there was anything else that I had to do and she replied no and I said so I just wait[ ] and she said yes just wait[ ] and that is what I did just as the lady told me if I[k]new that I had to take a paper to the office I would

have . . . ." The ALJ does not mention in her Findings of Fact the alleged assurance that appellant had done all he needed to do, and we have not been furnished a transcript of the OAH hearing. Nevertheless, we conclude that the Findings of Fact rendered by the ALJ are sufficient to demonstrate that the notice of appeal rights given appellant by DOES was fatally ambiguous.